1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ROBERT MARK BROWN, II,                    Civil No.     12-CV-1938-MMA(BGS)
     Inmate Booking No. 11181259,
12
                                    Plaintiff,   **ORDER:**
13
                                                **(1) GRANTING MOTION TO**
14                                              **PROCEED *IN FORMA PAUPERIS*,**
                                                **IMPOSING NO INITIAL PARTIAL**
15                                              **FILING FEE, GARNISHING $350.00**
                                                **BALANCE FROM PRISONER'S**
16              vs.                             **TRUST ACCOUNT [Doc. No. 2];**

17                                              **(2) DISMISSING DEFENDANTS**
                                                **FOR FAILING TO STATE A**
18                                              **CLAIM PURSUANT TO  28 U.S.C.**
                                                **§§ 1915(e)(2) AND 1915A(b);**
19   WILLIAM D. GORE; FRANK C.
     CLAMSER; DEPUTY #1;                        **(3) DIRECTING U.S. MARSHAL TO**
20   DEPUTY VILLAREALL; DEPUTY #3              **EFFECT SERVICE OF**
     DEPUTY WEBBER; DEPUTY #5,                  **COMPLAINT PURSUANT TO**
21                                              **FED.R.CIV.P. 4(c)(3)**
                                                **&  28 U.S.C. § 1915(d); and**
22                                 Defendants.
                                                **(4) DENYING MOTION FOR**
23                                              **TEMPORARY RESTRAINING ORDER**
                                                **[Doc. No. 3]**
24

25          On August 6, 2012, Robert Mark Brown ("Plaintiff"), currently housed at the Vista
26
     Detention Facility located in Vista, California, and proceeding *pro se*, filed a civil action
27
     pursuant to 42 U.S.C. § 1983.   Additionally, Plaintiff has filed a Motion to Proceed *In Forma*
28
     *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for

1  Temporary Restraining Order [Doc. No. 3].

2  **I.  MOTION TO PROCEED IFP [Doc. No. 2]**

3  All parties instituting any civil action, suit or proceeding in a district court of the United

4  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

5  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

6  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

7  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to

8  proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their

9  action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d

10  844, 847 (9th Cir. 2002).

11  Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

12  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

13  statement (or institutional equivalent) for the prisoner for the six-month period immediately

14  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

15  1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial

16  payment of 20% of (a) the average monthly deposits in the account for the past six months, or

17  (b) the average monthly balance in the account for the past six months, whichever  is greater,

18  unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The

19  institution having custody of the prisoner must collect subsequent payments, assessed at 20%

20  of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

21  forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C.

22  § 1915(b)(2).

23  The Court finds that Plaintiff  has no available funds from which to pay filing fees at this

24  time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited

25  from bringing a civil action or appealing a civil action or criminal judgment for the reason that

26  the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*,

27  281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing

28  dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's

1    pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

2    which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

3    (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the

4    court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

5    *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

6        Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

7    acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

8    the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

9    United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122

10   (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

11       First, Plaintiff seeks to hold Defendants William Gore and Frank Clamser liable in their

12   supervisory capacity.  However, there is no respondeat superior liability under 42 U.S.C. § 1983.

13   *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into

14   causation must be individualized and focus on the duties and responsibilities of each individual

15   defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*

16   *v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71

17   (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each

18   individual Defendant which have a direct causal connection to the constitutional violation at

19   issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040,

20   1045 (9th Cir. 1989).

21       Supervisory prison officials may only be held liable for the allegedly unconstitutional

22   violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what

23   extent they personally participated in or directed a subordinate's actions, and (2) in either acting

24   or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

25   constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded,

26   however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

27   support an individualized constitutional claim against either Defendant Gore or Defendant

28   Clamser.  Thus, these Defendants are **DISMISSED** from this action for failing to state a claim

1    upon which relief may be granted.

2         As for the remaining claims, the Court finds Plaintiff's allegations sufficient to survive

3    the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  *See Lopez*, 203

4    F.3d at 1126-27.  Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his

5    behalf.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and

6    perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service

7    be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed

8    *in forma pauperis* under 28 U.S.C. § 1915.").

9              **III.    MOTION FOR RESTRAINING ORDER**

10        Plaintiff has also filed a "Motion for a Restraining Order Against All Defendants." [Doc.

11   No. 3.]  Plaintiff's Motion sets forth only one request asking for a restraining order "against the

12   Defendants because I am frightened of them because of the assault and hate crimes." [Doc. No.

13   3 at 1.]

14        Pursuant to Federal Rules of Civil Procedure 65(b)(1)(A), the Court may only issue a

15   temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show

16   that immediate and irreparable injury, loss, or damage will results to the movant before the

17   adverse party can be heard in opposition."  *Id.*  Here, while Plaintiff has alleged facts sufficient

18   to state a claim, he has failed to allege facts specific enough to show "immediate or irreparable

19   injury, loss or damage."  *Id.*  Moreover, Plaintiff is required to demonstrate "any efforts made

20   to give notice" of the restraining order request, along with the "reasons why [notice] should not

21   be required."  Fed. R. Civ. P. 65(b)(1)(B).  Here, Plaintiff does not provide any indication

22   whether he attempted to give notice to the Defendants of his request for a temporary restraining

23   order.  Accordingly, for all these reasons, Plaintiff's Motion for Restraining Order is **DENIED**

24   without prejudice.

25   / / /

26   / / /

27   ───────────────

28        [1]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of,
     and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring."
     *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**IV.   CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.      The Watch Commander, or his designee, shall collect from Plaintiff's inmate trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, Vista Detention Facility, 325 S. Melrose Drive, Suite 200, Vista, California 92081-6696.

**IT IS FURTHER ORDERED** that:

4.      Defendants Gore and Clamser are **DISMISSED** from this action without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).   The Clerk of Court shall terminate these Defendants from the docket.

5.      The Clerk shall issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon the remaining Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order  and a certified copy of his Complaint and summons so that he may serve Defendants.[2]  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s

---

[2] Plaintiff must, of course, identify the parties currently described only as "Deputy #1; Deputy #3; Deputy #4 and Deputy #5" by their true names and substitute those individual persons by amending his Complaint to identify each individual party before the United States Marshal will be able to execute service upon him or her.  *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").  However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at

as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

8.      Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 3] is **DENIED** without prejudice.

DATED:  August 21, 2012

Hon. Michael M. Anello
United States District Judge

---

this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority provides that the plaintiff be given an opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).