UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II,<br><br>                 Plaintiff,<br><br>     v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>                Defendants. | Civil No.   12-CV-1938-GPC (BGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO APPOINT COUNSEL** |

Plaintiff Robert Mark Brown, a California state prisoner proceeding pro se and in forma pauperis, brings this civil suit against various Deputy Sheriff defendants pursuant to 42 U.S.C. §1983. (Doc. No. 1.) On December 7, 2012, *nunc pro tunc* to November 29, 2012, Plaintiff filed an ex parte motion to appoint counsel and for supplies and library access. (Doc. No. 32.) Plaintiff requests the Court to appoint him a pro-bono attorney or in the alternative to order San Diego County Jail to provide him with library access and supplies so that he may proceed with this case. (*Id.*) Plaintiff attaches to his motion various inmate grievances and inmate requests regarding his requests for legal research and supplies such as paper and copying services. (*Id.* at 3-16.)

**I. Plaintiff's Request for Appointed Counsel**

Plaintiff requests the Court to appoint him a pro-bono attorney. "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil

proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request for appointment of counsel without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.  Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint contains allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b).  (*See* Doc. No. 6 at 5.) Additionally, Plaintiff has been able to serve the two named deputy defendants with a summons and complaint. The Court finds that Plaintiff's request for counsel at this time is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating pro se. *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

**II. Plaintiff's Request for Library Access and Supplies**

In the alternative, Plaintiff requests the Court to order non-defendant San Diego County Jail to provide him with library access and supplies. (Doc. No. 32 at 1.)  To the extent that Plaintiff is seeking a court order directing correctional officials at Vista Detention Center to provide him access to the law library and materials, for each form of relief sought in federal court, Plaintiff must establish standing. *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to "show that he is under threat of

suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (citation omitted); *Mayfield*, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The relief requested by Plaintiff is not related to the underlying claims that Defendants used excessive force on Plaintiff, committed a sexual orientation hate crime, and violated his right to be free from cruel and unusual punishment while Plaintiff was detained at George Bailey Detention Facility. (*See* Complaint, Doc. No. 1.) Since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's request for a court order for law library access and supplies are denied. Furthermore, Plaintiff was able to file two motions to produce, a motion for protective order, a notice of change of address, the present motion to appoint counsel, and was able to return the in forma pauperis Marshal's service packet. (Doc. Nos. 10, 12, 14, 16, 22, 23, & 32.) Therefore, it appears Plaintiff has been able to obtain the necessary copies, paper, and envelopes and has been able to successfully mail his legal submissions. Additionally, from the attachments to Plaintiff's request, it appears he has been instructed how he may receive legal research for this civil case regarding conditions of confinement and has been instructed that he is to follow the institution's procedures for copies. If Plaintiff needs additional time in order to obtain copies in the future, he is advised to file a motion for an extension of time before the relevant submission is due.

**IT IS SO ORDERED**.

Dated: December 20, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge