UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II,<br><br>                               Plaintiff,<br><br>         v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>                               Defendants. | Civil No.   12-CV-1938-GPC (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER** |

Plaintiff Robert Mark Brown, a California state prisoner proceeding pro se and in forma pauperis, brings this civil suit against various Deputy Sheriff defendants pursuant to 42 U.S.C. §1983, alleging his civil rights were violated while housed at George Bailey Detention Facility. (Doc. No. 1.) Plaintiff is now housed at San Diego Central Jail. (Doc. No. 40.) On February 14, 2013, *nunc pro tunc* to February 7, 2013, Plaintiff filed a motion requesting the Court to order the San Diego County Jail to give him the same pro per privileges that he would have if his case was a criminal matter. (Doc. No. 46.) The Court notes that Plaintiff is proceeding pro se in this matter, or in propria persona, as he does not have an attorney appearing on his behalf. Plaintiff states that he is only able to use one legal research request per month and cannot get copies without an order from the Court. (Doc. No. 46.) The Court interprets Plaintiff's motion as a request for a protective order for legal research access and copies.

In seeking a protective order against a non-party to this action, Plaintiff must make a good cause showing that without it he will be significantly impeded from litigating this action. *See Pope v. Garcia*, 2012 WL 1552431 * 3 (E.D.Cal., April 30, 2012). "For good cause to exist, the party seeking protection

1 bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206 1210–11 (9th Cir. 2002). The Court denies Plaintiff's motion for protective order for failing to show good cause. The Court previously denied two similar requests from Plaintiff, where he sought a protective order for correctional officers to treat his legal materials as if he were litigating a criminal matter and requested a court order for law library access and supplies. (Doc. Nos. 18 & 34 at 2-3.) Plaintiff is already proceeding pro se in this action and has thus far been able to meet court deadlines, file numerous motions with the Court, notify the Court of a change of address, and submit the current request. It is unclear from Plaintiff's current request what documents he has been unable to copy, if he has attempted to use the institution's procedures for obtaining copies, and how his access to the legal research associates has been inadequate. Plaintiff fails to demonstrate that without a protective order he would be significantly impeded from litigating this action at this time. Additionally, as the Court previously directed, if Plaintiff needs additional time in order to obtain copies or research in the future, he is advised to file a motion for an extension of time before the relevant submission is due.

**IT IS SO ORDERED**.

Dated: February 21, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge