UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II,<br><br>                              Plaintiff,<br><br>         v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>                              Defendants. | Civil         12-CV-1938-GPC (BGS)<br>No.<br><br>**REPORT AND<br>RECOMMENDATION<br>REGARDING PLAINTIFF'S<br>VARIOUS MOTIONS TO AMEND<br>COMPLAINT** |

## I. INTRODUCTION

Currently before the Court are multiple motions by Plaintiff Robert Mark Brown, II ("Plaintiff") requesting to add defendants to his complaint and to extend the time in which to join other parties, amend the pleadings, or file additional pleadings. (Doc. Nos. 53, 57, 59, 64, 69.) San Diego County Counsel, representing current Defendants Erick Villarreal and Jason Weber ("Defendants"), filed an opposition to Plaintiff's motions. (Doc. No. 79.) In their opposition, Defendants do not oppose Plaintiff's request to file an amended complaint and add additional deputy defendants. (Id. at 5.) Defendants, however, object to Plaintiff adding the County of San Diego ("County") and Sheriff William Gore ("Gore") as defendants because Defendants believe that Plaintiff's claim against the County and Gore is based on the Plaintiff being denied access to a law library. (Id. at 5.) After considering the briefing and for the reasons stated below, IT IS

RECOMMENDED that Plaintiff's Motion to Supplement his Complaint by adding Sheriff William Gore and the County of San Diego (Doc. No. 64) be DENIED; Plaintiff's Motion for leave to Amend his Complaint to add Deputy Garcia, Henton, Pierson, Lawson and Whittaker as Defendants (Doc. Nos. 53, 59, 69) be GRANTED; and Plaintiff's Motion for Extension of Time (Doc. No. 57) be DISMISSED as moot.

## II. BACKGROUND

On August 6, 2012, Plaintiff filed a Complaint under 42 U.S.C. section 1983 alleging that Defendants violated his civil rights for, among other things, using excessive force resulting in severe injuries. (Doc. No. 1.) Plaintiff did not know the identities of all of the guards who allegedly violated his rights, so he identified them as "Deputy" in his complaint. (*Id.*) After the parties engaged in discovery, Plaintiff identified the guards referenced in the complaint and discovered the names of additional defendants that allegedly violated his civil rights. (Doc. Nos. 53, 59, 64, 69.) Plaintiff has since filed various motions requesting leave to add the new defendants.  (*Id.*) The Court ordered Defendant to respond to Plaintiff's motions. (Doc. Nos. 60, 70.) On May 24, 2013, Plaintiff filed their Response in Opposition to Plaintiff's Motions to Amend. (Doc. No. 79.)

**A.** **Motions to Add Additional Deputies as Defendants**

On April 26, 2013, *nunc pro tunc* to April 12, 2013, Plaintiff filed a motion to add Deputy Lauset Garcia as a Defendant in this action, identifying him as Doe Deputy No. 5 referenced in his complaint. (Doc. No. 53.) Plaintiff alleges that Deputy Garcia was "involved in the assault" against him. (*Id.* at 1.) On April 26, 2013, *nunc pro tunc* to April 12, 2013, Plaintiff filed a motion to add Deputy Scott Henton and Deputy Robert Pierson as Defendants in this action, identifying them as Doe Deputy No. 3 and Doe Deputy No. 5, respectively, referenced in his complaint. (Doc. No. 59.) Plaintiff does not make any factual allegations in support of this motion. On May 2, 2013, *nunc pro tunc* to April 30, 2013, Plaintiff filed a motion seeking to again add Deputy Lauset Garcia as a Defendant, along with two new deputies, Michael Lawson and L. Whittaker. (Doc. No. 69.) In

support of this motion, Plaintiff alleges that "[a]ll three deputys [sic] were present on the scene of the incident on May 2, 2012 and had ampel [sic] opportunity to intervene in the alleged assault against [him] and did nothing to stop it." (Doc. No. 69 at 1-2.)

**B.   Motion to Add Sheriff William Gore and County of San Diego as Defendants**

On May 2, 2013, *nunc pro tunc* to April 30, 2013, Plaintiff filed a motion to add Sheriff William Gore and the County of San Diego as Defendants. (Doc. No. 64.) In support of this motion, Plaintiff alleges that "since this case is pending I have been denied physical access to the law library and legal research needed in order to adequately represent myself in this case, and all my grievances submitted to jail officials concerning this matter have been denied." (*Id.* at 1.)

**C.   Motion for Second Extension of Time to Join Parties, Amend Pleadings, or File Additional Pleadings**

On April 26, 2013, *nunc pro tunc* to April 3, 2013, Plaintiff also filed a motion for a second extension of time of the deadline to join other parties, to amend the pleadings, or to file additional pleadings. (Doc. No. 57.)

**D.   Defendant's Response to Plaintiff's Motions**

On May 24, 2013, Defendants filed their opposition to Plaintiff's motions. (Doc. No. 79.)  While Defendants did not oppose Plaintiff's request to add the deputy defendants and file an amended complaint, Defendants object to Plaintiff's request to add the County and Gore as defendants.  (*Id.* at 5.)  Defendants believe that Plaintiff wished to add the County and Gore because Plaintiff wishes to add a claim that he was denied access to the law library in violation of his civil rights.  (*Id.*)  Defendants argue that the facts which underlie Plaintiff's new claim of denial of access to a law library "do not arise out of the same operative facts as those set out in the original complaint," and therefore Plaintiff should not be allowed to amend his complaint to include the claim. (*Id.*)

///

12cv1938-GPC

# III. ANALYSIS

**A.      Plaintiff's Motion for Leave to Supplement Complaint to Add Sheriff William Gore and the County of San Diego as Defendants**

> *1.      Plaintiff's Motion to Amend His Complaint Should be Treated as a Motion to Supplement the Complaint*

A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed. Fed. R. Civ. P. 15(d); *Keith v. Volpe*, 858 F.2d 467, 473-74 (9th Cir. 1988); *Carolina Cas. Ins. Co. v. Lanahan & Reilley LLP*, 2011 WL 3741004, *5 (N.D. Cal. 2011). A supplemental pleading is designed to bring the action "up to date" and to set forth new facts affecting the controversy that may have occurred since the original pleading was filed. *Manning v. City of Auburn*, 953 F.3d 1355, 1259-60 (11th Cir. 1992). This distinguishes it from an amended pleading, which relates to matters existing when the original pleading was filed. *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008). The title of the pleading is not determinative. I.e., a pleading labeled "amended pleading" will be treated as a supplemental pleading if the new facts alleged occurred after the original complaint was filed. *United States ex rel Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989).

Here, Plaintiff's motion regarding Sheriff Gore and the County of San Diego sets forth allegations concerning matters which took place after the original complaint was filed. Therefore, the motion should be treated as a motion to supplement rather than a motion to amend. *See Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). In his Motion, Plaintiff is requesting to add Sheriff Gore and the County as Defendants because he has been denied physical access to the law library "since this case is pending" and the inability to access the law library has impeded his ability to "adequately represent [himself] in this case." (Doc. No. 64 at 1.) By Defendant's own admission, the denial of access to the law library occurred after the original complaint was filed and took place at detention facilities other than the one where the original alleged violation against Plaintiff

occurred.[1] Therefore, any request to add Defendants with respect to these allegations should be treated as a motion to supplement the complaint.

### 2. *Plaintiff's Motion for Leave to File a Supplemental Complaint Should be Denied*

A supplemental pleading may properly allege events occurring after the original complaint was filed and identify any new parties involved therein. Federal Rule of Civil Procedure ("FRCP") Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County School Board of Prince Edward County*, 377 U.S. 218, 226-17 (1964). Unlike other pleading rules, there is no "transactional" test in Rule 15(d). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Rule 15(d) permits the filing of a supplemental pleading that introduces a cause of action not alleged in the complaint based on facts not in existence when the original complaint was filed. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). Leave to file a supplemental pleading will be denied, however, where the supplemental pleading asserts new and distinct claims unrelated to the original complaint and that should be the subject of a separate lawsuit. A supplemental complaint would not promote judicial efficiency in such cases because the entire controversy between the parties may not be settled in a single action. *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

Rule 15(d) does not expressly state if and under what circumstances supplemental pleadings relate back to the original pleading for statute of limitations purposes. Even so, courts often apply relation back principles under Rule 15(c) to Rule 15(d). When the

---

[1]Plaintiff's original complaint was for actions by guards against Plaintiff while he was at George Bailey Detention Center. (Doc. No. 1 at 1.) Plaintiff filed the complaint and initiated the lawsuit, however, while he was at Vista Detention Facility. (*Id.*) Plaintiff has since been transferred to San Diego Central Jail and is currently being housed there. (Doc. No. 40 at 1.)

supplemental complaint raises claims unrelated to the allegations in the original complaint, or relies on conduct or events different from those pleaded in the original complaint, there is no "relation back". *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981).

Here, Plaintiff's possible cause of action for denial of law library access while at Vista Detention Facility and San Diego Central Jail is not related to his claims that Defendants used excessive force on Plaintiff, committed a sexual orientation hate crime, and violated his right to be free from cruel and unusual punishment while Plaintiff was detained at George Bailey Detention Facility. A supplemental complaint adding Sheriff Gore and the County would not promote judicial efficiency because the claim for denial of law library access is a new and distinct claim unrelated to the original complaint and is more appropriately the subject of a separate lawsuit. Therefore, Plaintiff's motion to supplement his complaint to add Sheriff Gore and the County of San Diego as Defendants should be **DENIED**.

**B.    Plaintiff's Motion for Leave to Amend to Add Additional Deputies as Defendants Should be Granted**

Plaintiff is also requesting to amend his complaint under Rule 15(a)(2), adding additional Deputies that were either involved or present at the time of the alleged harm to Plaintiff while he was at George Bailey Detention Facility. (Doc. Nos. 53, 59, 69.) Because Plaintiff's allegations against these new Deputies concerns events which took place before the original pleading was filed and Plaintiff is not amending as a matter of course, Plaintiff is requesting to amend his complaint under Rule 15(a)(2). Rule 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although Rule 15(a) gives the trial court discretion over this matter, [the Ninth Circuit has] repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

1  Leave to amend should be granted more liberally to *pro se* plaintiffs.  *See Ramirez v.*
2  *Galaza,* 334 F.3d 850, 861 (9th Cir. 2003).

3      Five factors are taken into account "to assess the propriety of a motion for leave to
4  amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,
5  and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*,
6  356 F.3d 1067, 1077 (9th Cir. 2004).  Upon review of the five factors, the Court
7  recommends that Plaintiff be granted leave to amend to add deputy defendants.

8      Applied here, all of the factors above favor granting Plaintiff leave to amend.
9  Defendants present no evidence demonstrating that Plaintiff is amending his complaint in
10 bad faith. Plaintiff is not requesting to amend his complaint to create undue delay because
11 Plaintiff moved to amend his complaint as soon as he discovered the identities of the
12 defendants he wished to add. (Doc. Nos. 53, 59, 69.) Defendants have not alleged that
13 they would be prejudiced by the amendment, and in fact suggest that Plaintiff be allowed
14 to amend to add Deputy Defendants so that they can have fair notice of the claims against
15 them. (Doc. No. 79 at 4-5.) Amendment to add Deputy Defendants would not be futile
16 because Plaintiff will have the opportunity to provide factual allegations to support his
17 claims against Deputy Defendants and said Defendants will have the opportunity to
18 challenge those allegations. Lastly, this is only Plaintiff's first request to amend his
19 complaint. In light of Plaintiff's *pro se* status, Defendant's non-opposition to amendment,
20 and the general policy of resolution of cases on the merits, Plaintiff's Motion for Leave to
21 Amend to add Deputy Garcia, Henton, Pierson, Lawson and Whittaker should be
22 **GRANTED**. Plaintiff is urged to file an amended pleading stating the factual allegations
23 as to each of the newly named deputies, to which each of them will have the opportunity
24 to respond.

25 **C.**    **Plaintiff's Motion for Extension of Time Should be Dismissed as Moot**

26      On April 26, 2013 *nunc pro tunc* to April 12, 2013, Plaintiff filed a Motion for
27 Extension of Time to join other parties, amend the pleadings, or file additional pleadings.
28 (Doc. No. 57.) Plaintiff bases his request on the allegation that Defendant's Attorney was

12cv1938-GPC

not cooperating. Defendant denies this allegation and points out that Defendant has timely responded to Plaintiff's discovery request. (Doc. No. 79-1 at 1-2.) Because the Court recommends granting Plaintiff's Motion for Leave to Amend his Complaint to add additional Deputy Defendants, Plaintiff's Motion for Extension of Time is moot.

## IV. CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1). Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's motion to supplement the complaint to add Sheriff William Gore and the County of San Diego as Defendants (Doc. No. 64) be DENIED; and

2. Plaintiff's motion to amend the complaint to add Deputy Garcia, Henton, Pierson, Lawson and Whittaker (Doc. Nos. 53, 59, 69) be GRANTED; and

3. Plaintiff's motion to extend the time in which to join other parties, amend the pleadings, or file additional pleadings be DISMISSED AS MOOT..

**IT IS ORDERED** that no later than **July 5, 2013** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10** days of being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: June 24, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge

8                                                                                    12cv1938-GPC