# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II, Inmate Booking No. 11181259,<br><br>                          Plaintiff,<br><br>   vs.<br><br>WILLIAM D. GORE; FRANK C. CLAMSER; DEPUTY #1; DEPUTY VILLAREALL; DEPUTY #3 DEPUTY WEBBER; DEPUTY #5,<br><br>                          Defendants. | CASE NO. 12-cv-1938-GPC(BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 67] |

On March 16, 2012, Plaintiff Robert Mark Brown, II, a prisoner proceeding *pro se* and *In Forma Pauperis* ("IFP") in this civil rights action, filed a motion to appoint counsel. (Doc. No. 67.)

Plaintiff requests appointment of counsel for the following reasons: (1) he is proceeding IFP, and he cannot afford to retain legal representation; (2) he is confined in a state correctional facility, thus, his ability to conduct discovery is limited; (3) the case is complex; (4) the case involves conflicting witness testimony; and (5) he has attempted but failed to retain legal representation. (Doc. No. 67.)

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349,

1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).

District courts have discretion, however, pursuant to 28 U.S.C. Section 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint contains allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* Doc. No. 6 at 5.)

In addition, the Court denied Plaintiff's prior request for appoint of counsel on December 20, 2012. It does not appear that the legal issues involved have now became so complex that counsel is warranted at this stage of proceeding. *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

**IT IS SO ORDERED.**

DATED: June 25, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge