1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROBERT MARK BROWN, II,              )   Case No. 12-cv-1938-GPC-BGS
                                         )
12                                       )   **ORDER ADOPTING REPORT**
                    Plaintiff,           )   **AND RECOMMENDATION**
13                                       )   **REGARDING PLAINTIFF'S**
                                         )   **VARIOUS MOTIONS TO AMEND**
14   v.                                  )   **COMPLAINT**
                                         )
15                                       )
                                         )
16   DEPUTY #1, Deputy Sheriff; et al.,  )   **(ECF NO. 82)**
                                         )
17                                       )
                    Defendants.          )
18                                       )
                                         )
19   ─────────────────────────────────  )

20                    **INTRODUCTION**

21         On August 8, 2012, plaintiff Robert Mark Brown, II ("Plaintiff"), a state prisoner

22   proceeding pro se and in forma pauperis, brought this action for violations of his civil

23   rights under 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff alleges Defendants violated his

24   civil rights by using excessive force resulting in severe injuries.  (ECF No. 1.)

25         Currently before the Court are multiple motions by Plaintiff requesting to add

26   defendants, to extend the time in which to join other parties, amend the pleadings, or

27   file additional pleading.  (ECF Nos. 53, 57, 59, 64, 69.)  Defendants Erick Villarreal

28   and Jason Weber ("Defendants"), filed an opposition to Plaintiff's motions.  (ECF No.

1   79.)   In their opposition, Defendants do not oppose Plaintiff's request to file an
2   amended complaint and add deputy defendants. (Id.) Defendants, however, object to
3   Plaintiff adding the County of San Diego ("County") and Sheriff William Gore
4   ("Gore") as defendants because Defendants believe that Plaintiff's claim against the
5   County and Gore is based on Plaintiff being denied access to a law library.  (Id.)

6        On June 24, 2013, Magistrate Judge Bernard G. Skomal issued a report and
7   recommendation, recommending Plaintiff's Motion to Supplement his Complaint by
8   adding Sheriff William Gore and the County of San Diego, (ECF No. 64), be
9   **DENIED**; Plaintiff's Motion for leave to Amend his Complaint to add Deputy Garcia,
10  Henton, Pierson, Lawson, and Whittaker as Defendants, (ECF Nos. 53, 59, 69), be
11  **GRANTED**; and Plaintiff's Motion for Extension of Time, (ECF No. 57), be **DENIED**
12  as moot.

13       For the reasons set forth below, this Court: (1) **ADOPTS** the Report and
14  Recommendation as to Plaintiff's Motion to Supplement his Complaint by adding
15  Sheriff William Gore and County of San Diego and therefore **DENIES** Plaintiff's
16  Motion to Supplement his Complaint by adding Sheriff William Gore and County of
17  San Diego; (2) **ADOPTS** the Report and Recommendation as to Plaintiff's Motions for
18  leave to Amend his Complaint to add Deputy Garcia, Henton, Pierson, Lawson, and
19  Whittaker as Defendants and therefore **GRANTS** Plaintiff's Motions for leave to
20  Amend his Complaint to add Deputy Garcia, Henton, Pierson, Lawson, and Whittaker
21  as Defendants; and (3) **ADOPTS** the Report and Recommendation as to Plaintiff's
22  Motion for Extension of Time and therefore **DENIES** Plaintiff's Motion for Extension
23  of Time as moot.

24                              **BACKGROUND**

25       On August 6, 2012, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging
26  that Defendants violated his civil rights for, among other things, using excessive force
27  resulting in severe injuries.  (ECF No. 1.)  Plaintiff did not know the identities of all
28  the guards who allegedly violated his rights, so he identified them as "Deputy" in his

Complaint. (Id.) After the parties engaged in discovery, Plaintiff identified the guards referenced in the Complaint and discovered the names of additional defendants that allegedly violated his civil rights. (ECF Nos. 53, 59, 64, 69.) Plaintiff has since filed various motions requesting leave to add the new defendants. (Id.) The Court ordered Defendants to respond to Plaintiff's motions. (ECF Nos. 60, 70.) On May 24, 2013, Defendants filed their Response in Opposition to Plaintiff's Motions to Amend. (ECF No. 79.)

## A.    Motions to Add Additional Deputies as Defendants

On April 12, 2013, Plaintiff filed a motion to add Deputy Lauset Garcia as a defendant in this action, identifying him as Doe Deputy No. 5 referenced in his Complaint. (ECF No. 53.) Plaintiff alleges that Deputy Garcia was "involved in the assault" against him. (Id.) On April 12, 2013, Plaintiff filed a motion to add Deputy Scott Henton and Deputy Robert Pierson as defendants in this action, identifying them as Doe Deputy No. 3 and Doe Deputy No. 5, respectively, referenced in his Complaint. (ECF No. 59.) Plaintiff does not make any factual allegations in support of this Motion. On April 30, 3013, Plaintiff filed a motion seeking to again add Deputy Lauset Garcia as a defendant, along with two new deputies, Michael Lawson and L. Wittaker. (ECF No. 69.) In support of this Motion, Plaintiff alleges that "[a]ll three deputys [sic] were present on the scene of the incident on May 2, 2012 and had ample [sic] opportunity to intervene in the alleged assault against [him] and did nothing to stop it." (ECF No. 69.)

## B.    Motion to Add Sheriff William Gore and County of San Diego as Defendants

On April 30, 2013, Plaintiff filed a motion to add Sheriff William Gore and the County of San Diego as Defendants. (ECF No. 64.) In support of this motion, Plaintiff alleges that "since this case is pending I have been denied physical access to the law library and legal research needed in order to adequately represent myself in this case, and all my grievance submitted to jail officials concerning this matter have been

1 denied." (Id.)

2 **C.     Motion for Second Extension of Time to Join Parties, Amend Pleadings, or**

3 **File Additional Pleadings**

4 On April 3, 2013, Plaintiff also filed a motion for a second extension of time of

5 the deadline to join other parties, to amend the pleadings, or to file additional

6 pleadings. (ECF No. 57.)

7 **D.     Defendants' Response to Plaintiff's Motions**

8 On May 24, 2013, Defendants filed their Opposition to Plaintiff's motions.

9 (ECF No. 79.) While Defendants do not oppose Plaintiff's request to add the deputy

10 defendants and file an amended complaint, Defendants object to Plaintiff's request to

11 add the County of San Diego and Gore as defendants. (Id.) Defendants believe

12 Plaintiff wishes to add the County and Gore because Plaintiff wants to add a claim that

13 he was denied access to the law library in violation to his civil rights. (Id.) Defendants

14 argue that the facts which underlie Plaintiff's new claim of denial of access to a law

15 library "do not arise out of the same operative faces as those set out in the original

16 complaint," and therefore Plaintiff should not be allowed to amend his complaint to

17 include the claim.

18 **STANDARD OF REVIEW**

19 The district court's role in reviewing a magistrate judge's report and

20 recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district

21 court "shall make a de novo determination of those portions of the report . . . to which

22 objection is made," and "may accept, reject, or modify, in whole or in part, the findings

23 or recommendations made by the magistrate [judge]." Id. When no objections are

24 filed, the Court may assume the correctness of the magistrate judge's findings of fact

25 and decide the motion on the applicable law. Campbell v. United States Dist. Court,

26 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217

27 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure

28 to file objections only relieves the trial court of its burden to give de novo review to

1  factual findings; conclusions of law must still be reviewed de novo." <u>Barilla v. Ervin</u>,

2  886 F.2d 1514, 1518 (9th Cir. 1989) (citing <u>Britt v. Simi Valley Unified Sch. Dist.</u>, 708

3  F.2d 452, 454 (9th Cir. 1983)).

4                                              **DISCUSSION**

5  **I.     Report and Recommendation as to Plaintiff's Motion for Leave to**

6  **Supplement Complaint to Add Sheriff William Gore and the County of San**

7  **Diego**

8         Judge Skomal recommends that Plaintiff's Motion for Leave to Supplement

9  Complaint to Add Sheriff William Gore and the County of San Diego be denied.

10 Neither party has filed a specific objection to the magistrate judge's findings or

11 conclusions as they pertain to this Motion.  As such, the Court assumes the correctness

12 of the Magistrate Judge's factual findings and adopts them in full.

13        The Court has conducted a de novo review, independently reviewing the Report

14 and Recommendation and all relevant papers submitted by both parties, and finds that

15 the Report and Recommendation provides a cogent analysis of the issues presented in

16 Plaintiff's Motion. Accordingly, the Court **ADOPTS** the Report and Recommendation

17 as to Plaintiff's Motion for Leave to Supplement Complaint to Add Sheriff William

18 Gore and the County of San Diego in its entirety and therefore **DENIES** Plaintiff's

19 Motion.

20 **II.    Report and Recommendation as to Plaintiff's Motions for Leave to**

21 **Amend to Add Deputies as Defendants**

22        Judge Skomal recommends that Plaintiff's Motions for Leave to Amend to Add

23 Deputies as Defendants be granted.  Neither party has filed a specific objection to the

24 magistrate judge's findings or conclusions as they pertain to these Motions.  As such,

25 the Court assumes the correctness of the Magistrate Judge's factual findings and adopts

26 them in full.

27        The Court has conducted a de novo review, independently reviewing the Report

28 and Recommendation and all relevant papers submitted by both parties, and finds that

the Report and Recommendation provides a cogent analysis of the issues presented in Plaintiff's Motions.   Accordingly, the Court **ADOPTS** the Report and Recommendation as to Plaintiff's Motions for Leave to Amend to Add Deputies as Defendants in its entirety and therefore **GRANTS** Plaintiff's Motions.

**III.   Report and Recommendation as to Plaintiff's Motion for Extension of Time**

Judge Skomal recommends that Plaintiff's Motion for Extension of Time be dismissed as moot. Neither party has filed a specific objection to the magistrate judge's findings or conclusions as they pertain to this Motion. As such, the Court assumes the correctness of the Magistrate Judge's factual findings and adopts them in full.

The Court has conducted a de novo review, independently reviewing the Report and Recommendation and all relevant papers submitted by both parties, and finds that the Report and Recommendation provides a cogent analysis of the issues presented in Plaintiff's Motion. Accordingly, the Court **ADOPTS** the Report and Recommendation as to Plaintiff's Motion for Extension of Time in its entirety and therefore **DENIES** Plaintiff's Motion as moot.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.   Judge Skomal's Report and Recommendation as to Plaintiff's Motion for Leave to Supplement Complaint to Add Sheriff William Gore and the County of San Diego is **ADOPTED** in its entirety;

2.   Plaintiff's Motion for Leave to Supplement Complaint to Add Sheriff William Gore and the County of San Diego, (ECF No. 64), is **DENIED**;

3.   Judge Skomal's Report and Recommendation as to Plaintiff's Motions for Leave to Amend to Add Deputies as Defendants is **ADOPTED** in its entirety;

4.   Plaintiff's Motions for Leave to Amend to Add Deputies as Defendants, (ECF Nos. 53, 59, 69), are **GRANTED**;

1    5.    Judge Skomal's Report and Recommendation as to Plaintiff's Motion for
2          Extension of Time is **ADOPTED** in its entirety; and
3    6.    Plaintiff's Motion for Extension of Time, (ECF No. 57), is **DENIED** as
4          moot.

5

6  DATED: October 8, 2013

7
                                    HON. GONZALO P. CURIEL
8                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28