UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT MARK BROWN, II, | Civil No. 12-CV-1938-GPC (BGS) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REOPEN DISCOVERY AND MODIFYING SCHEDULING ORDER** |
| DEPUTY #1, DEPUTY SHERIFF; et al., | |
| Defendant. | |

On October 8, 2013, the Court granted Plaintiff's motion for leave to amend his complaint to add Deputy Garcia, Henton, Pierson, Lawson, and Whittaker as Defendants. (Doc. No. 113.) On October 15, 2013, Plaintiff filed a first amended complaint adding said Defendants. (Doc. No. 117.) On October 29, 2013, Plaintiff filed a motion to reopen discovery and to adopt a new scheduling order. (Doc. No. 123.) Plaintiff requests that discovery be reopened so that he may conduct discovery on the newly added Defendants.(*Id.* at 2-3.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Generally, in determining whether there is good cause to permit an extension the court will primarily look to: (1) the diligence of the party seeking the extension; but may also consider (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential prejudice in allowing the extension." Fed. R. Civ. P. 16, advisory committee note of 1983; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

Here, after Plaintiff filed his First Amended Complaint, he diligently sought an extension of time to complete fact discovery as to the newly added Defendants. Accordingly, the Court finds good cause to reopen discovery. Therefore, the Court hereby **GRANTS** Plaintiff's motion to reopen discovery. Fact discovery is limited, however, to those Defendants whom Plaintiff was granted leave to add as Defendants in this action, which included Deputy Garcia, Henton, Pierson, Lawson and Whittaker. Plaintiff shall not seek discovery beyond these five Defendants. All fact discovery with regards to the newly added Defendants listed above shall be completed on or before **January 31, 2014.** *Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court expects counsel to make every effort to resolve all disputes without court intervention. Absent advance consent from the Court, all discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have extensively met and conferred and have reached impasse with regard to the particular issue. Discovery motions must be filed must be filed in the manner set forth in Judge Skomal's Chambers Rules ( see Judge Skomal's Rules on Discovery Disputes available on the Court's website).

In his motion, Plaintiff also requests that this Court enter a new scheduling order in this case. (Doc. No. 123 at 3.) Plaintiff does not specify why a new scheduling order is necessary, but it appears that Plaintiff's request is to accommodate the additional discovery that he wishes to complete as to the newly added Defendants. Because the Court has granted Plaintiff's motion to reopen discovery, Plaintiff's motion for a new scheduling order is **DENIED AS MOOT**.

Lastly, a mandatory settlement conference is currently scheduled before Judge Skomal on December 11, 2013. (Doc. No. 39 at 3.) Due to the additional discovery that needs to be completed, as well as the numerous motions pending in this case, the Court hereby **VACATES** the currently scheduled mandatory settlement conference. For the same reasons, the remaining

dates and deadlines set forth in the Case Management Conference Order (Doc. No. 39 at 4-6) are hereby **VACATED**. Following a ruling on any future dispositive motions, counsel for Defendant shall contact the Court to reset the remaining deadlines, if necessary.

    **IT IS SO ORDERED.**

Dated: November 25, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge