UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>　　　　　　　Defendants. | Civil No.　12-CV-1938-GPC (BGS)<br><br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH FILED JUNE 28, 2013; AND (2) GRANTING DEFENDANTS' MOTION TO QUASH FILED FEBRUARY 10, 2014.**<br><br>[ECF Nos. 84, 165.] |

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* with an action under 42 U.S.C. § 1983. Plaintiff's original complaint, filed August 6, 2012, alleges Sheriff William Gore, Captain Frank C. Clamser, Deputy Erick Villareal, Deputy Jason Weber and various Doe Deputies violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to verbal harassment on April 21, 2012 and April 23, 2012 as well as an incident of excessive force on May 2, 2012. (Doc. No. 1.)  On August 21, 2012, the Court dismissed Defendants William Gore and Frank Clamser pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim. (Doc. No. 6.) On October 8, 2012, the Court granted Plaintiff leave to amend his complaint to add Deputy Garcia,

Henton, Pierson, Lawson, and Whittaker as Defendants. (Doc. No. 113.)

On October 15, 2013, Plaintiff filed his First Amended Complaint which repeated the allegations in Plaintiff's original complaint and included the Deputy Defendants that Plaintiff was granted leave to add.  Plaintiff's First Amended Complaint also added Registered Nurse Clarissa Cawagas and Dr. John Serra, as well as included an additional cause of action for a violation of Plaintiff's right to medical care. (Doc. No. 117 at 12-13.)  Defendants Cawagas and Serra have filed a motion to strike and motions to dismiss which are currently pending before the Court.  (Doc. Nos. 143,144 and 146.)

On May 17, 2013, Plaintiff served five subpoenas on the "San Diego County Jails," through the Legal Affairs Division of the Sheriff's Department. (Doc. No. 84-3 at 3.) These subpoenas requested the following information:

(1) "All use of force reports that evidence mention, or refer to any and all use of force incidents on Deputy-on-inmate force at all San Diego County Jails that have occurred within the last 10 years (May-1-2003)."

(2) "All employment records, files, staff discipline, internal affairs complaint for the defendants: Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, Lauset Garcia #3066, L. Whittaker #7137, Michael Lawson #4209, Clarissa Cawagas #6557, and Doctor John Serra."

(3) "All documents that evidence, mention, or refer to, all records of the Dept. concerning formal reports, oral conversations made by superior officers, letters, emails, all transcriptions, notes, memoranda etc. that mention or refer to the incidents on April 21, 2012, April 23, 2012, May 2, 2012 concerning the Plaintiff and/or staff member."

(4) "All video surveillance of House 3 inside and out on May 2, 2012 from 8AM – 11AM."

(5) "(1) Complete medical and psych file including all electronically stored information and Doctors notes. (2) [sic] File complete including all felonies ever convicted of, all notes emails etc between staff about the incident on April 12, 23;

1       May 2, 2012."
2 (Doc. No. 84-3 at 6-22.)
3       On June 28, 2013, Defendants filed a motion for protective order and a motion to
4 quash the five subpoenas described above. (Doc. No. 84.) Defendants assert the
5 subpoenas are not relevant to the issues in this matter, the subpoenas are unduly
6 burdensome, and the subpoenas seek privileged information. (Doc. No. 84 at 7-14.) On
7 July 19, 2013, Plaintiff filed an opposition. (Doc. No. 91.)
8       On February 10, 2014, Defendants filed a motion to quash nine subpoenas which
9 were issued to the newly added Defendants in this action - Michael Lawson, Lloyd
10 Whittaker, Lauset Garcia, Scott Henton and Robert Pierson, as well to third -party, the
11 County of San Diego, which was erroneously named in the subpoenas as "George Bailey
12 Detention Facility and/or San Diego Sheriff's Department.  The five subpoenas issued to
13 the newly-added Defendants request each defendant's: "complete employment record,
14 files, staff discipline, internal affairs complaint." (Doc No. 165.)  The four subpoenas
15 issued to third party County of San Diego request:
16     (1)  "Statement of inmate witness Steve Griffee of the incident on 5/2/12"
17     (2) "Copy of the floor plan of 3 house including the entrance gate, all hallways,
18     doorways, etc."
19     (3) "Any and all new rules that were put into effect on 5-2-12 to present about
20     searches of inmates"
21     (4) "Any designated documents or electronically stores [sic] information -
22     including writings drawings, graphs, charts, photographs, sound recordings,
23     images, and other data or data compilations - stored in any medium from which
24     information can be obtained either directly, or if necessary, after translation by the
25     responding party into reasonably usable form [sic] all 3 incidents in this case."
26 Defendants argue the nine subpoenas, which were newly served on January 29, 2014,
27 must be quashed because they are untimely, irrelevant, overbroad and unduly
28 burdensome, seek privileged information and are beyond the scope of the Court's

November 25, 2013 discovery order, which permitted an extension of fact discovery only as to the five newly added defendants in the action. (Doc No. 165-1 at pp. 6-10.)

## II. STANDARD OF REVIEW

The legal standard applicable to discovery is broad. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Generally, relevant information is discoverable. Id. Discoverable information need not be admissible at trial so long as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, relevancy is not without "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Similarly, district courts are directed to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 45, any party may serve a subpoena commanding a non-party "to attend and give testimony or to produce and permit inspection [and] copying" of documents. Fed. R. Civ. P. 45(a)(1)(C). A subpoena is subject to the relevance requirements set forth in Rule 26(b). Fed. R. Civ. P. 26(b)(1). The non-party may make objections to the subpoena within fourteen days after service, or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(c)(2)(B). A nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998). Nonetheless, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration fo objections [to a Rule 45 subpoena]." *McCoy v. Southwest Airlines Co.,*

*Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

Upon a timely motion, the court may quash or modify the subpoena for any one of the reasons set forth in rule 45(c)(3)(A), such as the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies," or it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *Penwalt Corp. v. Durand–Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[o]nce the person subpoenaed objects to the subpoena . . . the provisions of Rule 45(d) come into play"). The party who moves to quash a subpoena has the burden of persuasion under Rule 45(c)(3). *Moon*, 232 F.R.D. at 637.

Courts have broad discretion to determine whether a subpoena is unduly burdensome. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). For example, a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813–14 (9th Cir.2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that subpoenas were "served for the purpose of annoying and harassment and not really for the purpose of getting information"). Again, the moving party bears the burden of establishing that a subpoena is unduly burdensome. *F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997).

Finally, although irrelevance is not among the enumerated reasons for quashing a subpoena under 45(c)(3), federal courts have incorporated relevance as a factor to be considered when ruling on a motion to quash. *Moon*, 232 F.R.D. at 637. Under Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" and mandates the court's consideration of such factors as relevance, the serving party's need for the requested documents, the breadth of the discovery request, the particularity with

which the documents are described, and the burden imposed. *Moon*, 232 F.R.D. at 636.

## III. ANALYSIS

### A. The May 17, 2013 Subpoenas

**Subpoena Request No. 1: "All use of force reports that evidence mention, or refer to any and all use of force incidents on Deputy-on-inmate force at all San Diego County Jails that have occurred within the last 10 years (May-1-2003)."**

According to Defendant, use of force reports are generated when force is used to overcome resistance or to achieve control or compliance. (Doc. No. 84-1 at 7.) Plaintiff argues the requested information is relevant to his claim for punitive damages. (Doc. No. 91 at 19.) Defendants and County of San Diego argue that because Plaintiff's complaint only alleges a single use of force incident against Plaintiff himself, the use of force against other inmates is irrelevant. (Doc. No. 84-1 at 7.) Moreover, to the extent Plaintiff requests reports regarding the use of force against him, Defendant states this information was produced to Plaintiff on April 2, 2013. *Id*. at 8.

Weighing the burden on Defendants against the needs of Plaintiff - who has already received use-of-force reports specific to his three incidents, the Court finds this subpoena request imposes an "undue burden". Plaintiff requests records for *all* use of force reports that *evidence, mention, or refer to any and all use* of force incidents at *all* San Diego County Jails within the last *10 years*. This request is overbroad on its face and exceeds the bounds of discovery designed to lead to relevant evidence by seeking: (1) information over a ten-year period despite the fact that Plaintiff's incident took place in 2012; (2) information regarding *all* use of force of reports, not just those pertaining to the defendants named in this case; and (3) information regarding use of force incidents at *all* San Diego County Jails, not just use-of-force incidents occurring at the jail where Plaintiff is housed. Accordingly, Defendants and third-party San Diego County's motion to quash Plaintiff's Subpoena Request No. 1 is **GRANTED.**

///
///
///

**Subpoena Request No. 2 - "All employment records, files, staff discipline, internal affairs complaint for the defendants: Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, Lauset Garcia #3066, L. Whittaker #7137, Michael Lawson #4209, Clarissa Cawagas #6557, and Doctor John Serra."**

Defendant argues the employment records and internal affairs records sought by Plaintiff in Subpoena Request No. 2 are protected from disclosure under the official information privilege. Assertions of privilege in federal question cases such as this one are governed by federal common law. Fed R. Evid. 501. "Federal common law recognizes a qualified privilege for official information." *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992). The personnel files of government employees have been considered official information for purposes of the common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990.)

Courts engage in a balancing test to determine whether personnel files are privileged and thereby protected from disclosure. *Miller*, 141 F.R.D. at 300. Specifically, "courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Id.* The balancing test is pre-weighted in favor of disclosure. *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987.) In order to trigger the Court's balancing of interests, the party opposing disclosure must make a substantial threshold showing by submitting a declaration from a responsible official with personal knowledge of the police department's internal investigatory system. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995.) (citing *Kelly*, 114 F.R.D. at 670.) Defendants have submitted the Declaration of Sheriff's Department Lieutenant and Internal Affairs Division commanding officer, Anthony Giammarino in support of the Official Information Privilege. (Doc. No. 84-2.) Lieutenant Giammarino is responsible for the administration of the Internal Affairs Division and conducts administrative investigations of alleged misconduct. (Doc. No. 84-2, Giammarino Decl. at 1:18-27.) In his declaration, Giammarino states personal data, medical history and other private information is contained in the employment and internal affairs records targeted by

Plaintiff's subpoena request and that information can jeopardize the safety of the defendants and their families. *Id.* at 2:5-13. Giammarino also opines that the production of performance evaluations typically found in personnel files chills the evaluative process and thwarts constructive criticism and feedback. *Id.* at 3:2-19.

Once the party asserting the privilege meets the threshold burden, the court will review the documents in light of the balancing test articulated by the court in *Kelly*. Defendants have demonstrated the employment, personnel and internal affairs sought by Plaintiff may contain sensitive and privileged material. On the other hand, Defendants' employment and personnel records may contain information likely to lead to the discovery of admissible evidence regarding use of excessive force. Accordingly, the parties are ordered to accomplish the following to initiate the Court's *in camera* review of these records:

  a.) Plaintiff and counsel for Defendants shall meet and confer **no later than March 17, 2014** to identify and discuss the UNDISPUTED records at issue for Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, and Lauset Garcia #3066.

  b.) The Court hereby orders that the personnel and employment records of L. Whittaker #7137 and Michael Lawson #4209 are <u>not</u> at issue, and shall not be discussed at the parties' meet and confer. Based on the sworn declarations of Deputy Whitaker, who was assigned to the tower at the time of Plaintiff's excessive force incident, and Sergeant Lawson, who was not present at the time of Plaintiff's excessive force incident, employment records bearing on use of force with respect to these officers who were not involved in the physical altercation with Plaintiff are not likely to lead to the discovery of admissible evidence. (*See* Doc Nos. 165-3 and 172.) It is further ordered that the personnel records of Clarissa Cawagas #6557, and Dr. John Serra are <u>not</u> at issue and shall not be discussed at the parties' meet-and-confer as these Defendants have filed a motion to strike and motions to dismiss which are currently pending before the Court. (*See* Doc. Nos. 143, 144,146.)

    c.) Following the meet-and-confer, Defendants shall produce any undisputed documents, and serve Plaintiff with a privilege log **no later than March 24, 2014;**

    d.) Defendants shall also lodge with Judge Skomal's chambers **no later than March 24, 2014**, a privilege log and a copy of the disputed documents for *in camera* review. The Court will take the documents under submission and issue an order following its *in camera* review.

    **Subpoena Request No. 3 - "All documents that evidence, mention, or refer to, all records of the Dept. concerning formal reports, oral conversations made by superior officers, letters, emails, all transcriptions, notes, memoranda etc. that mention or refer to the incidents on April 21, 2012, April 23, 2012, May 2, 2012 concerning the Plaintiff and/or staff member."**

  Defendants state Subpoena Request No. 3 is duplicative of Requests for Production ("RFP") previously propounded on Defendants and that Plaintiff was provided with all documents responsive to RFP Nos. 2 through 4. Plaintiff is advised that this court cannot compel Defendants to produce additional documents that do not exist or are not in Defendants' possession or control. *Manning v. General Motors*, 247 F.R.D. 646, 652 (D. Kan. 2007). The Court hereby informs Plaintiff, and advises Defendants, that each party is under a continuing obligation to supplement responses to requests for production of documents if the party discovers or obtains additional, relevant information. Fed.R.Civ.P. 26(e). Indeed, under Federal Rule of Civil Procedure 37c(1), if a party fails to supplement, "the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37c(1). Accordingly, Defendants and third-party San Diego County's motion to quash Plaintiff's Subpoena Request No. 3 is **GRANTED.**

////
///
///
///

    **Subpoena Request No. 4** - "All video surveillance of House 3 inside and out on May 2, 2012 from 8AM – 11AM."

Defendants move to quash Subpoena Request No. 4 on the basis Plaintiff was shown video surveillance of the April 23, 2012 incident and the May 2, 2012 incident at his deposition; therefore, the request is duplicative and moot. Plaintiff argues he was only shown what the Defendants wanted him to see and claims he can make arrangements with prison staff to see the videos despite the restrictions imposed by his incarceration. Defendants' objections are overruled, Defendants have conceded the videos are relevant. If Plaintiff can arrange for additional viewings of the tapes at the jail where he is housed, he should have the opportunity to do so. Accordingly, Defendants and third-party San Diego County's motion to quash Plaintiff's Subpoena Request No. 4 is **DENIED. It is hereby Ordered that Defendants shall provide a copy of the video for the April 23, 2012 incident and the May 2, 2012 incident to Plaintiff.**

As to video for the April 21, 2012 incident, Defendants argue the video would be burdensome to locate, copy and produce when compared to Plaintiff's need for the video because the April 21, 2012 incident involves a conversation Plaintiff had with a deputy over the intercom. Defendants contend a video of the intercom interaction would be of little value. However, in their objection, Defendants fail to discuss whether the surveillance videos also have an audio component, which may lead to the discovery of relevant information. Accordingly, Defendants and third-party San Diego County's motion to quash Plaintiff's Subpoena Request No. 4 is **DENIED UNLESS THERE IS NO AUDIO COMPONENT to the surveillance video.** If there is no audio component to the surveillance video, Defendants shall file a declaration so stating **no later than March 24, 2014. If there is an audio component to the surveillance video,** Defendants shall provide a copy of the video for the April 21, 2012 incident to Plaintiff **no later than March 24, 2014.**

///

///

**Subpoena Request No. 5 - "Complete medical and psych file including all electronically stored information and Doctors notes. (2) [sic] File complete including all felonies ever convicted of, all notes emails etc between staff about**

**the incident on April 12, 23; May 2, 2012."**

Defendants contend Plaintiff's entire medical file has been produced and move to quash this part of Subpoena Request No. 5 as duplicative. As noted in the Court's discussion of Subpoena Request No. 3, the court cannot require Defendants to produce additional documents that do not exist. *Manning*, 247 F.R.D. at 652. Nevertheless, the parties should be aware that they are all are under a continuing obligation to supplement responses if additional, relevant information is discovered. Fed.R.Civ.P. 26(e).

As for the part of Plaintiff's Subpoena Request No. 5 that seeks documents concerning all the felonies of which Plaintiff has ever been convicted, Defendants argue they do not have access to all of Plaintiff's court and criminal files. Defendants are hereby informed that documents within their "possession, custody or control" includes documents that Defendants have a legal right to obtain on demand. *U.S. v. International Union of Petroleum and Industrial Workers*, AFL–CIO, 870 F.2d 1450, 1452 (9th Cir.1989) (citing *Searock v. Stripling,* 734 F.2d 650, 653 (11th Cir.1984)). However, Defendants also state that all documents concerning the three incidents at issue in this action have already been produced. Plaintiff has documentation from the three incidents at issue in this litigation. Accordingly, Defendants and third-party San Diego County's motion to quash Plaintiff's Subpoena Request No. 5 is **GRANTED.** Plaintiff has not shown how a listing of his past criminal history is relevant or likely to lead to the discovery of admissible evidence concerning the events of April 21, 2012 and April 23, 2012 and May 2, 2012.

**B. The January 29, 2014 Subpoenas**

**1. Timeliness**

Defendants argue the nine newly-served subpoenas are untimely because they are beyond the scope of the court's scheduling order which set a deadline of January 31, 2014. Document subpoenas under Rule 45 of the Federal Rule of Civil Procedure are generally considered tools of pretrial discovery that must be served *before* the discovery deadline has expired. *See e.g. Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 ( N. Ind.2001)

("Most courts hold that a subpoena seeking documents from a third-party under Rule 45 is a discovery device and therefore subject to a scheduling order's general discovery deadlines." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law established that subpoenas under Rule 45 are discovery and must be utilized within the time period permitted for discovery in a case."); *nSight, Inc. v. PeopleSoft, Inc.,* 2006 WL 988807, *3 (N.D. Cal., Apr. 13, 2006) (explaining that California courts and a majority of jurisdictions have found Fed R. Civ. P. 45 discovery to be pretrial discovery that must be served within the designated discovery period.)

Here, Plaintiff served the nine additional subpoenas on January 29, 2014 which is before the discovery cut-off of January 31, 2014; however responses to the subpoenas were due on a date which falls *after* the deadline. The Court's order finding good cause to extend the discovery deadline states explicitly: "All fact discovery with regards to the newly added Defendants listed above shall be completed on or before January 31, 2014. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure." [Doc. No. 145 at 2:7-12.] Accordingly, the nine subpoenas issued on January 29, 2014 are untimely and must be quashed. Fed. R. Civ. P. 45c(3)(A)(I).[1] Accordingly, Defendants' motion to quash the nine subpoenas issued on January 29, 2014 is **GRANTED.**

**2. Scope of Discovery**

---

[1] The Court notes that five of the nine subpoenas issued on January 29, 2014, which address the newly-added Defendants are, in part, duplicative of the earlier served Subpoena Request No. 2 which asks for "All employment records, files, staff discipline, internal affairs complaint for the defendants: Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, Lauset Garcia #3066, L. Whittaker #7137, Michael Lawson #4209, Clarissa Cawagas #6557, and Doctor John Serra." As the Court has instructed in the instant Order, Plaintiff and counsel for Defendants shall meet and confer **no later than March 17, 2014** to discuss the records at issue for Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, and Lauset Garcia #3066.

Defendants also argue four of the newest subpoenas must be quashed because they seek information beyond the scope of the Court's November 25, 2013 order, which allowed Plaintiff additional time to conduct fact discovery, but only as to the five newly-added defendants: Scott Henton #3002, Robert Pierson #3041, Lauset Garcia #3066, L. Whittaker #7137, and Michael Lawson #4209.  Specifically, four of the nine subpoenas issued to the County of San Diego requested:

> (1)  "Statement of inmate witness Steve Griffee of the incident on 5/2/12"
>
> (2) "Copy of the floor plan of 3 house including the entrance gate, all hallways, doorways, etc."
>
> (3) "Any and all new rules that were put as into effect on 5-2-12 to present about searches of inmates"
>
> (4) "Any designated documents or electronically stores [sic] information - including writings drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly, or if necessary, after translation by the responding party into reasonably usable form [sic] all 3 incidents in this case."

These requests are general in nature and on their face, are unrelated to the newly-added defendants Henton, Pierson, Garcia, Whittaker and Lawson. These four requests could have been and should have been served at the time fact discovery was underway.  The deadline for completion of general fact discovery was August 13, 2013.   The requests are untimely and outside the scope of the Court's November 25, 2014 scheduling order. Accordingly, Defendants' motion to quash the four of nine subpoenas issued to the County of San Diego is **GRANTED.**

### C. Defendants' Motion for Protective Order

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D.

Cal. 1995.) Defendants have requested a protective order should the Court order the production of documents. The Court finds that a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy interests of the parties involved. Therefore, the Court orders the parties to meet and confer on a protective order governing the production of video surveillance in response to Subpoena Request No. 4. The protective order will also govern the future production of any sensitive documents in this case pursuant to the Court's Order on Subpoena Request No. 2. The parties shall finalize said protective order **no later than March 21, 2014.**

**IV. CONCLUSION**

For the reasons address ed above, Defendants' Motion to Quash filed June 28, 2014 (Doc. No. 84) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Motion to quash Plaintiff's Subpoena Request No. 1 is **GRANTED.**

2. Motion to quash Plaintiff's Subpoena Request No. 2 is **GRANTED IN PART and DENIED IN PART:**

   a.) Plaintiff and counsel for Defendants shall meet and confer **no later than March 17, 2014** to discuss the records at issue for Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, and Lauset Garcia #3066;

   b.) Following the meet-and-confer, Defendants shall produce any undisputed documents, and serve Plaintiff with a privilege log **no later than March 24, 2014;**

   c.) Defendants shall also lodge with Judge Skomal's chambers **no later than March 24, 2014**, a privilege log and a copy of the disputed documents for *in camera* review. The Court will take the documents under submission and issue an order following its *in camera* review.

///

3. Motion to quash Plaintiff's Subpoena Request No. 3 is **GRANTED.**

4. Motion to quash Plaintiff's Subpoena Request No. 4 is **DENIED UNLESS THERE IS NO AUDIO COMPONENT to the surveillance video.** If there is no audio component to the surveillance video, Defendants shall file a declaration so stating **no later than March 24, 2014. If there is an audio component to the surveillance video,** Defendants shall provide a copy of the video for the April 21, 2012 incident to Plaintiff **no later than March 24, 2014.** It is further Ordered that Defendants shall provide a copy of the video for the April 23, 2012 incident and the May 2, 2012 incident to Plaintiff **no later than March 24, 2014.**

5. Motion to quash Plaintiff's Subpoena Request No. 5 is **GRANTED.**

6. Defendants' Motion to Quash filed February 10, 2014 is **GRANTED**. (Doc. No. 165.)

**IT IS SO ORDERED.**

DATED: March 4, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court