1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II,<br><br>                     Plaintiff,<br><br>      v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>                   Defendants. | Civil      12-cv-1938-GPC (BGS)<br>No.<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**[ECF No. 87.]** |

## I.  INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* with an action under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint, filed October 15, 2013, alleges various Eighth Amendment claims stemming from incidents of verbal harassment on April 21, 2012 and April 23, 2012 as well as an incident of excessive force on May 2, 2012. [ECF. No. 117.] On July 15, 2013, *nunc pro tunc*, July 9, 2013, Plaintiff filed a motion to compel discovery. [ECF. No. 87.]  In the motion to compel, Plaintiff seeks: (1) further document production as to Requests for Production Nos. 1, 3, 4, 5, 6 and 7 of Plaintiff's First Set of Requests for Production; (2) the production of documents as to all requests in Plaintiff's Second Set of Requests for Production; and (3) further production of documents in response to Plaintiff's May 17, 2013 service of five subpoenas on the "San Diego County Jails," through the Legal Affairs Division of the Sheriff's Department.

1    The five subpoenas served by Plaintiff on the County of San Diego are the subject of

2    a separate motion to quash filed by Defendants on June 28, 2013. [ECF No. 84.]  The Court

3    issued its order granting in part and denying in part Plaintiff's subpoena requests on March

4    4, 2014.  [ECF No. 176.]  Accordingly, Plaintiff's duplicative request to compel production

5    pursuant to subpoena is **DENIED as MOOT.**  Plaintiff is hereby referred to the Court's

6    Order on Defendants' motion to quash for the Court's ruling on the five May 17, 2013

7    subpoena requests.  [*Id*. at 2:9-11:21.]

8    As noted above, the remaining document requests at issue for purposes of the instant

9    order are: (1) Requests for Production Nos. 1, 3, 4, 5, 6 and 7 of Plaintiff's First Set of

10   Requests for Production; and (2) all requests in Plaintiff's Second Set of Requests for

11   Production.

12   **II.  STANDARD OF REVIEW**

13   "Generally, the purpose of discovery is to remove surprise from trial preparation so

14   the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v.*

15   *SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (*quoting Oakes v. Halvorson*

16   *Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)).  Federal Rule of Civil Procedure

17   26(b) permits production of unprivileged documents relevant to the claim or defense of

18   any party.  *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at

19   trial if the discovery appears reasonably calculated to lead to the discovery of admissible

20   evidence.") Courts have interpreted this language very broadly to encourage discovery.

21   *Shoen v. Shoen*, 5 F.3d 1289 (C.A.9 1993); *See Geophysical Systems Corp. V. Raytheon*

22   *Co., Inc.*, 117 F.R.D. 646, (C.D.Cal 1987).  Specifically, Rule 34 allows a party to serve

23   requests for the production of documents on any other party, so long as that request falls

24   within the scope of Rule 26(b).  See Fed. R. Civ. P 34(a).  The party who has been served

25   with a request for production must respond or object to each request in writing within

26   thirty (30) days of being served.  Fed. R. Civ. P 34(b)(2). The party opposing discovery

27   has the burden of showing why discovery should not be allowed and must clarify, explain

28   and support its objections.  *Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375 (2009), *citing*

*Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. Of Am.*, 233 F.R.D. 573, 575 (C.D.Cal. 2005).

## III.  DISCUSSION

### A.  Requests for Production Nos. 1, 3, 4, 5, 6 and 7 of Plaintiff's First Set of Requests for Production ("RFP")

#### 1.  Timeliness

Defendants object to Plaintiff's motion to compel further production in response to Plaintiff's first set of RFPs on the ground that the motion was filed more than 30 days after Defendants served their written responses.  [ECF No. 8:5-8.]  The Court's Scheduling Order, issued January 30, 2013, advises: "Absent advance notice from the Court, all discovery motions must be filed within 30 days of the service of an objection, answer or response which become the subject of dispute." [ECF No. 39 at 2:2-4.]  Here, Plaintiff served his RFPs by mail on February 28, 2013.  Defendants responded in writing with objections, responses *and responsive documents* on April 2, 2013.  Defendants produced additional documents on April 12, 2013.  Plaintiff did not file his motion to compel until July 9, 2013, which is more than two months after the 30-day filing deadline set forth in the Scheduling Order.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") Plaintiff's motion to compel was filed more than 60 days after May 2, 2013, which was the deadline set by the Court for the filing of a motion to compel with respect to Defendants' production.  Even if the Court were to use the supplemental production date of April 12, 2013 day as the trigger for the 30-day discovery motion filing deadline, Plaintiff's motion to compel was still more than 45 days late.

#### 2.  *Merits of Plaintiff's Requests for Production, Set One*

Untimeliness notwithstanding, the Court also **DENIES IN PART** Plaintiff's motion to compel on the merits for issues of overbreadth, irrelevance and privacy as

///

///

explained in detail below:

**RFP No. 1 - "All documents that contain, mention, construe, or refer to  policies on staff supervision of inmates at the Detention Center."**

In their opposition to the motion to compel, Defendants argue Plaintiff's motion must be denied as to this request because Defendants have already produced use-of-force policies for the George Bailey Detention Center including: Manual of Policies and Procedures No. I-89 (Use of Force); 0.3 (Inmate Rules and Regulations); San Diego County Sheriff's Department Procedure Section 2.49 and 6.48; Addendum Section F (Use of Force Guidelines); SDSD Detention Services Bureau - George Bailey Detention Facility Green Sheet I.89.G (Use of Force) and 0.3.G (Facility Specific Inmate Rules and Regulations.  (ECF No. 99 at 8:23-9:6.)  Defendants also note Plaintiff has not alerted the Court to any other relevant policies he seeks.  (*See e.g. Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D.Cal. Jan.13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D.Cal. Dec.21, 2011); *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D.Cal. Sep.29, 2010); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D.Cal. Mar.27, 2008) (requiring the moving party, once objections were made, to inform the Court for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.)

Given the use-of-force allegations in his First Amended Complaint, the Defendants' production of use-of-force policies as well as general rules and regulations is responsive to Plaintiff's request.  No further production appears to be required based on the circumstances presented, although each party is hereby advised that they are under a continuing obligation to supplement responses to requests for production of documents if either discovers or obtains additional, relevant information.  Fed.R.Civ.P. 26(e).  Plaintiff's motion to compel further production in response to RFP No. 1 is **DENIED.**

///
///
///

4

12cv1938-GPC

1      **RFP No. 3 - "The complete contents of plaintiff's detection [sic] center file,**

2  **including but not limited to disciplinary reports, incident reports, evaluations,**

3  **criminal justice information, use of force reports, and medical and mental health**

4  **records. "**

5      In their opposition, Defendants argue Plaintiff's request is overbroad as to time and

6  scope and unduly burdensome because Plaintiff has been incarcerated numerous times

7  over the course of many years.  Defendants add that notwithstanding those objections,

8  they produced booking records for Plaintiff's November 3, 2011 arrest, prison grievances

9  from November 2011 to the present, incident reports for all three events that are the

10  subject of Plaintiff's complaint, photographs of Plaintiff from May 2, 2012 and all of

11  Plaintiff's medical records that could be located.

12      The Court sustains Defendants' objection.  The request is unduly overbroad;

13  documents spanning all periods of Plaintiff's incarceration are not calculated to lead to

14  the discovery of admissible evidence as to the three incidents at issue here, which

15  occurred in 2012.  No further production appears to be required based on the

16  circumstances presented.  Plaintiff's motion to compel further production in response to

17  RFP No. 3 is **DENIED.**

18      **RFP No. 4 - "All other documents, items if [sic] evidence, or sworn or unsworn**

19  **statements or affidavits that relate to the allegation made in plaintiff's complaint."**

20      Defendants object to Plaintiff's motion to compel further documents in response to

21  RFP No. 4 on the ground that they have already produced all reports which address the

22  incidents that form the basis of Plaintiff's complaint.  Again, they note Plaintiff has not

23  indicated what more he seeks.

24      The Court sustains Defendants' objection.  No further production appears to be

25  required based on the circumstances presented, although the Court reminds the parties of

26  the continuing obligation to supplement responses under Rule 26(e). If a party fails to

27  supplement, "the party is not allowed to use that information ... to supply evidence on a

28  motion, at a hearing, or at trial, unless the failure was substantially justified or is

1  harmless.**"**  *See* Fed. R. Civ. P. 37c(1).  Plaintiff's motion to compel further production in
2  response to RFP No. 4 is **DENIED.**

3       **RFP No. 5 - "All documents that contain, mention, construe or refer to any**
4  **insurance agreement or arrangement according to which an insurance company or**
5  **other person or entity will guaranty, act as a surety for, or otherwise bear and [sic]**
6  **responsibility for litigating this action, including, but not limited to paying the**
7  **defendants' attorney's fees, costs, or out-of-pocket expenses, or paying for any**
8  **monetary or injunctive relief ordered as part of a court or consent judgment."**

9        Defendants objected to this RFP on relevance grounds and argue in their
10  opposition brief that there are no responsive documents of which they are aware.

11       The Court sustains the objection.  Rule 26(b)(1) allows discovery of
12  "nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P.
13  26(b)(1).  Insurance agreements or arrangements have no apparent bearing on Plaintiff's
14  eighth amendment claims.  Moreover, even if the relevance of this request was not
15  questionable, this court cannot compel Defendants to produce documents that do not exist
16  or are not in Defendants' possession or control.  *Manning v. General Motors*, 247 F.R.D.
17  646, 652 (D. Kan. 2007).  Defendants have indicated that there are no responsive
18  documents to produce.  Accordingly, Plaintiff's motion to compel further production in
19  response to RFP No. 5 is **DENIED.**

20       **RFP No. 6 - "All video surveillance of House 3 inside and out and also Module**
21  **3B inside and out from the dates and times of April 23, 2012, from 10:00 a.m.-12:00**
22  **noon, and May 2, 2012, from 8:00 a.m.-10:00 a.m."**

23       This request is duplicative of a subpoena requesting the same information, which is
24  the subject of a separate motion to quash filed by Defendants on June 28, 2013. [ECF No.
25  84.]  The Court issued its order granting in part and denying in part Plaintiff's subpoena
26  requests on March 4, 2014.  [ECF No. 176.]   Accordingly, Plaintiff's duplicative request
27  to compel further production in response to RFP No. 6 is **DENIED as MOOT.**  Plaintiff
28  is hereby referred to the Court's Order on Defendants' motion to quash for the Court's

12cv1938-GPC

ruling on the May 17, 2013 subpoena requests.  [*Id.* at 8-9.]

**RFP No. 7 - "The Deputy signs on duty roster sheet for April 21, 23, 2012, and May 2, 2012."**

In their opposition to the motion to compel, Defendants have informed the court that they: (1) produced redacted duty rosters for April 21, 2012 and May 2, 2012; (2) and withheld the duty roster for April 23, 2012 because Plaintiff had already identified Defendant Villareal as the deputy alleged to be involved in the April 23, 2012 incident. At the time responses were served, Defendants objected to RFP No. 7 on the ground that it sought documents outside of their possession and on relevance grounds.  Defendants' objections are overruled.  The duty rosters are clearly under Defendant's control given the earlier production of the redacted April 21, 2012 and May 2, 2012 rosters to Plaintiff. In addition, the rosters are relevant, not only to show potential Defendants, but also to show possible witnesses to the incident on April 23, 2012.  Accordingly, the Court **ORDERS** Defendants to provide Plaintiff with a copy of the April 23, 2012 duty roster **no later than March 24, 2014.**

**B.  Requests for Production Nos. 1 through 10 of Plaintiff's Second Set of Requests for Production**

The timeliness of Plaintiff's motion to compel responses to Plaintiff's Second Set of Requests for Production is not at issue.  Defendant served written objections and responses to the second set of Plaintiff's requests for production on June 26, 2013.  As noted above, Plaintiff's motion to compel was filed *nunc pro tunc* on July 9, 2014, well within the 30-day discovery motion deadline.  The Court will address the merits of Plaintiff's second set of RFPs and the adequacy of Defendants' objections in detail below:

///

///

///

12cv1938-GPC

1    **RFP No. 1 - "All documents or reports that contain, mention, construe, or**
2    **refer to racial prejudice, dishonesty, the fabrication of or change evidence, any act**
3    **involving morally lax character, unnecessary acts of aggressive behavior, acts of**
4    **violence and/or attempted violence, discriminatory remarks or actions against**
5    **homosexuals, any acts of excessive force and/or attempted excessive force by any**
6    **and all deputy sheriffs at George Bailey Detention Facility within the last 10 years."**

7    In their opposition brief and in responses to Plaintiff's requests, Defendants object
8    on the grounds that RFP No. 1 is overbroad as to time and scope and unduly burdensome
9    due to the expansive nature of this inquiry.  Defendants also challenge the relevance of
10   Plaintiff's wide-ranging request and note its broad categories may open the door to
11   various privilege violations.  The Court agrees.  As explained in its discussion of
12   Plaintiff's first set of requests for production, Rule 26(b)(1) allows discovery of
13   "nonprivileged matter that is relevant to any party's *claim* or *defense*."  Fed.R.Civ.P.
14   26(b)(1)(italics added).  Plaintiff's First Amended Complaint "FAC" alleges eighth
15   amendment violations for use of excessive force and deliberate indifference to medical
16   needs; however, RFP No. 1 seeks to discover documents and reports on numerous other
17   unrelated categories as to *any and all* deputy sheriffs over a *10-year* period.  [ECF No.
18   117.]  Accordingly, Defendants objections are sustained.  The request is overbroad not
19   only because of the unlimited subject matter, but because it seeks information as to any
20   and all sheriffs regardless of their participation in the incidents alleged in the FAC and
21   spans a 10-year period when the incidents at issue in this case occurred in 2012 and
22   Plaintiff was admitted to the facility in November of 2011.  The request is not tailored to
23   lead to the discovery of admissible evidence.  Plaintiff s motion to compel a response to
24   RFP No. 1 of the second set of Plaintiff's requests for production is **DENIED.**
25   ///
26   ///
27   ///
28   ///

12cv1938-GPC

**RFP No. 2 - "All statements, written or oral, persons who have brought complaints as described in No. 1 above."**

**RFP No. 3 - "The names, addresses, and telephone numbers of all persons interviewed by the Sheriff's Department , its investigators and other personal (sic) during investigations into complaints as described in items No. 1 and No. 2 above by the above-named officers.**

**RFP No. 4 - "All statements, written or oral, made by persons interviewed by the sheriff department, its investigators and other personnel during investigation into complaints as described in No. 3 above."**

**RFP No. 5 - "All tape recordings and/or transcriptions thereof and notes and memoranda by investigation personal (sic) of the sheriff department pursuant to investigation described in items 1 and 3 above."**

**RFP No. 6 - "The names and assignments of investigators and other personal (sic) employed by the sheriff department as described in items 1 and 3 above."**

Plaintiff s motion to compel responses to RFP Nos.  two through six of the second set of Plaintiff's requests for production is **DENIED.**  These requests refer back to impermissibly overbroad Request No. 1 and are not tailored to lead to the discovery of admissible evidence.

**RFP No. 7 - "The written procedures established by the sheriff department to investigate citizen's complaints against the department personnel."**

Defendants objected to this RFP on grounds that it is: (1) vague and ambiguous; and (2) not relevant to any party's claim or defense as required under Rule 26(b)(1). Defendants' objections are sustained.  The facts alleged in Plaintiff's First Amended

Complaint do not implicate "citizens' complaints". Accordingly, Plaintiff's request is not relevant to any party's claim or defense. To the extent Plaintiff includes his prison grievances in the definition of the phrase "citizens' complaint", he has already received copies of his prison grievances from November 2011 to the present as well as the incident reports for the three events at issue in this lawsuit. Plaintiff s motion to compel a response to RFP No. 7 of the second set of Plaintiff's requests for production is **DENIED.**

**RFP No. 8 - All records of the department concerning records of statements, reputations and opinions including, but not limited to, findings, letters, formal reports, and oral conversations made by superior officers and other officers of all the named deputy sheriffs: Erick Villareal #3997, Scott Henton #3002, Jason Weber #7313, Robert Pierson #3041, Lauset Garcia #3066, L. Whittaker #7137, Michael Lawson #4209.**

Plaintiff's Request No. 8 mirrors Plaintiff's Subpoena Request No. 2, which was addressed by this Court's Order GRANTING IN PART and DENYING IN PART Defendants' June 28, 2013 Motion to Quash, in that it seeks the employment and personnel files of the officers named as defendants in this case. [*See* ECF No. 176 at 8:13-9:7.] Accordingly, Plaintiff's motion to compel a response to RFP No. 8 is **DENIED as moot.** The Court refers the parties to the Court's March 4, 2014 Order for further direction as to the review and potential production of the employment records requested. [*Id*. at 14:10-25.]

**RFP No. 9 - "All records of discipline imposed by the Sheriff Dept. On the above named Deputy Sheriff(s) for conduct specified in items 1 and 8 above."**

Plaintiff s motion to compel a response to RFP No. 9 is **DENIED.** This request refers back to impermissibly overbroad Request No. 1 and is not tailored to lead to the discovery of admissible evidence. Moreover, to the extent Plaintiff seeks information typically found in employment files, the request is also **DENIED as moot**. As explained above, the Court has issued a ruling addressing the production of employment records in its March 4, 2014 Order and provided further direction for the parties regarding the

12cv1938-GPC

potential production of employment records.  [*See* ECF No. 176 at14:10-25.]

**RFP No. 10 - "Any emails, notes, letters, statements, relating to the incidents below between staff: (1) April 21, 2012; (2) April 23, 2012; and (3) May 2, 2012."**

Defendants object to Plaintiff's motion to compel further documents in response to RFP No. 10 arguing they have already produced all reports which address the three incidents that form the basis of Plaintiff's complaint.

The Court sustains Defendants' objection.  No further production appears to be required based on the circumstances presented, although the Court reminds the parties of the continuing obligation to supplement responses under Rule 26(e).  If a party fails to supplement, "the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.**"**  *See* Fed. R. Civ. P. 37c(1).  Plaintiff's motion to compel production in response to RFP No. 10 is **DENIED.**

**IV. CONCLUSION**

For the reasons addressed above, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants shall provide Plaintiff with a copy of the April 23, 2012 duty roster in response to RFP No. 7 of the First Set of Requests for Production **no later than March 24, 2014; and**

2.  Plaintiff's remaining RFP Nos. 1, 3, 4, 5, and 6 and RFP Nos. 1 -10 found in Plaintiff's First Set and Second Set of Requests for Production respectively are **DENIED** as directed in the instant Order.

**IT IS SO ORDERED.**

DATED:  March 5, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

12cv1938-GPC