UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN II, Inmate Booking No. 11181259,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE; FRANK C. CLAMSER; DEPUTY #1; DEPUTY VILLAREALL; DEPUTY #3; DEPUTY WEBBER; DEPUTY #5,<br><br>Defendant. | Civil No.   12-CV-1938-GPC (BGS)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND *PRO PER* STATUS**<br><br>**[ECF No. 137.]** |

## I.   INTRODUCTION

Robert Mark Brown ("Plaintiff"), is a prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's Motion for Temporary Restraining Order.  (ECF No. 137.)  In the Motion for Temporary Restraining Order, Plaintiff requests he be afforded privileges reserved for those inmates at the San Diego County Jail who have criminal cases and are proceeding *in pro per*.  (ECF. No. 137 at 4:11-15.)  Plaintiff also requests the San Diego County Jail be enjoined from searching his materials, which include legal paperwork, when he is not present in his cell.  (*Id.* at 4:5-10.) ///

1

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In Plaintiff's First Amended Complaint, he alleges deputy defendants at the *George Bailey Detention Center* violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to verbal harassment on April 21, 2012 and April 23, 2012 as well as an incident of excessive force on May 2, 2012. (ECF. No. 1.)  Plaintiff also alleges a medical indifference claim against defendants Clarissa Cawagas, R.N. and Dr. John Serra.  (ECF. No. 117 at 12-13.)  However, Plaintiff's Motion for Temporary Restraining Order concerns rules and policies currently enforced at the *San Diego County Jail.*  Plaintiff is no longer housed at the San Diego County Jail.  On February 18, 2014, Plaintiff filed a Notice of Change of Address with the Court indicating he has been transferred from the San Diego County Jail and presently resides at the George Bailey Detention Center.  (ECF No. 173 at 1.)

## III.  STANDARD OF REVIEW

The purpose of a temporary restraining order is to preserve the *status quo* before a preliminary injunction may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment.  *Sierra On-Line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984).  Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if: "specific facts in an affidavit show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition."  FED. R. CIV. P. 65(b)(1)(A).

## IV.  DISCUSSION

When an inmate seeks injunctive relief concerning an institution or facility at which he is no longer incarcerated, his claim for relief becomes moot.  *See Sample v. Borg*, 870 F.2d 563 (9th Cir. 1989) (explaining that before oral argument, prisoner was transferred rendering the case moot); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (due to Plaintiff's transfer, claim for injunctive relief was found to be moot).  Accordingly, Plaintiff's Motion for Temporary Restraining Order must be **DENIED AS MOOT**.  Plaintiff has informed the Court that he is no longer housed at San Diego County Jail and his

change of address filing does not indicate a possibility that he will be returned to the San Diego County Jail at any predictable time in the future.  (ECF No. 173.)

In addition, the relief requested by Plaintiff is not related to the underlying claims for excessive force and deliberate indifference while Plaintiff was detained at George Bailey Detention Facility.  Since the requested injunctive relief Plaintiff seeks would not remedy the violation of the Federal rights at issue in this case, the Court cannot direct officials at the San Diego County Jail to give Plaintiff privileges reserved for those proceeding *pro se* and with criminal cases. *See* 18 U.S.C. § 3626(a)(1)(A) (stating "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the Court find that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.")

## V.  CONCLUSION

After consideration of Plaintiff's filing indicating he has been transferred from housing at the San Diego County Jail, Plaintiff's Motion for Temporary Restraining Order and *Pro Per* Status is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

DATED:  March 12, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court