UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARK BROWN, II,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>Defendants. | Civil No.   12-CV-1938-GPC (BGS)<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE: (1) GRANTING MOTIONS TO DISMISS OF DEFENDANT CAWAGAS AND DEFENDANT SERRA; AND (2) DENYING MOTIONS TO STRIKE OF DEFENDANT CAWAGAS AND DEFENDANT SERRA**<br><br>**[ECF Nos. 143, 144 and 146.]** |

## I. INTRODUCTION

Currently before the Court are Defendants Cawagas and Serra's Motions to Strike and Motions to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  (ECF Nos. 143, 144 and 146.) After considering the briefing and for the reasons stated below, **IT IS RECOMMENDED** that the motion to dismiss of Defendant Cawagas and the motion to dismiss of Defendant Serra be **GRANTED**.  **IT IS FURTHER RECOMMENDED** that the motion to strike of Defendant Cawagas and the motion to strike of Defendant Serra be **DENIED**.

## II. PROCEDURAL BACKGROUND

On August 6, 2012, Plaintiff filed a complaint under 42 U.S.C. section 1983 alleging that Defendants Erick Villarreal and Jason Weber violated his civil rights for, among other things, using excessive force resulting in severe injuries. (ECF. No. 1.)  At the time Plaintiff filed the complaint, he did not know the identities of all of the guards who allegedly violated his rights.  (*Id.*) After the parties engaged in discovery, Plaintiff identified the guards referenced in the complaint and discovered the names of additional defendants that allegedly violated his civil rights.  (ECF. Nos. 53, 59, 64, 69.)  Plaintiff filed various motions requesting leave to add new defendants.  (*Id.*)  The motions did not seek leave to add a new claim for deliberate indifference to the complaint, nor did they seek permission to add prison medical staff as new defendants to the complaint.

On June 24, 2013, Magistrate Judge Bernard G. Skomal issued a Report & Recommendation to the District Judge to grant Plaintiff's motion to amend the complaint to add Deputies Garcia, Henton, Pierson, Lawson and Whittaker.  (ECF No.  82 at 8:11-12.)  On October 4, 2014, the District Court adopted Judge Skomal's Report & Recommendation in its entirety and granted Plaintiff leave to add Deputies Garcia, Henton, Pierson, Lawson and Whittaker to the complaint.  (ECF No. 113 at 2:13-21.)  Neither the Report & Recommendation, nor the Order Adopting the Report & Recommendation approved the addition of a new claim or the addition of non-deputy defendants to the complaint.

On October 15, 2013, Plaintiff filed a First Amended Complaint which named the additional deputy defendants identified in connection with his use of excessive force claim, but also added a new cause of action for deliberate indifference to medical needs against two new defendants, Clarissa Cawagas, R.N. and John Serra, M.D.  (ECF No.117.)

## III.  PLAINTIFF'S FACTUAL ALLEGATIONS

In the First Amended Complaint, Plaintiff alleges on May 2, 2012, he was placed in a choke hold and kicked in the head, chest and neck by prison guards after refusing to

12cv1938-GPC

"strip out" in the hallway outside the gate of 3 house at the George Bailey Detention facility.  (ECF No. 117 at 9-10.)  Plaintiff alleges the beating"fractured my ribs, made black spots in my vision, incessant ringing in my ear, lumps behind and above my left ear, from blunt force trauma (kicking), swollen throat from strangulation, my neck is sprained, migraine headachs [sic], popping in left jaw when opening and closing my mouth."  Plaintiff also claims "[t]he excessive force has so traumatized me that I have night terrors and night mares, the psyc [sic] doctor told me that I suffer from PTSD."  (*Id.* at 10-11.)

The First Amended Complaint alleges that after the altercation with prison guards, Plaintiff was taken to the prison's medical center.  Plaintiff alleges "RN Cawagas # 6557 just looked at me and went with what the Deputies told her to write on her report.  I tried to explain what hurt, how bad it was but she didn't care, she said 'You'll see a doctor sometime.'  It took 7 days to get into a doctor so a lot of the swelling went down, etc." (*Id.* at 11.)

Plaintiff also alleges in the First Amended Complaint that Dr. Serra examined him on May 9, 2012.  Plaintiff claims when he asked for "an xray of [his] rib and head areas," Dr. Serra refused and told Plaintiff, "If you've had a broken bone/rib before then you know what it feels like and there's nothing [Dr. Serra] can do."  (*Id.* at 12.)  Plaintiff claims "[t]here was a court order requesting an x-ray for rib pain it was entered into my medical chart on May 12, 2012 at 20:53 and still nothing was done."  Plaintiff also alleges "Dr. Serra did nothing for my vision, my neck, throat, or the tinnitis [sic] my blood pressure was 141/96 a sign of pain and still nothing."  (*Id.* at 13.)

## IV.  DISCUSSION

### A.   Defendants Cawagas and Serra's Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

Defendants also seek dismissal of Plaintiff's claim for deliberate indifference against them pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Plaintiff fails to state facts demonstrating Nurse Cawagas or Dr. Serra knew of and disregarded a substantial

1    risk of serious harm or medical need.

2        A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal

3    theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

4    *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008)

5    (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).   In other

6    words, the plaintiff's complaint must provide a "short and plain statement of the claim

7    showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).   "Specific facts

8    are not necessary; the statement need only give the defendant[s] fair notice of what ... the

9    claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.

10   Ct. 2197, 2200 (2007) (internal quotation marks omitted).

11       A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to

12   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

13   544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual

14   content that allows the court to draw the reasonable inference that the defendant is liable

15   for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

16       In addition, factual allegations asserted by pro se petitioners, "however inartfully

17   pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."

18   *Haines v. Kerner*, 404 U.S. 519-20 (1972).   Because "*Iqbal* incorporated the *Twombly*

19   pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts]

20   continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v.*

21   *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026,

22   1027 n.1 (9th Cir. 1985).

23                              **1.  Clarissa Cawagas, R.N.**

24       Defendant Cawagas argues Plaintiff has failed to state a claim for deliberate

25   indifference because he alleges no facts showing he suffered harm as a result of

26   Cawagas' level of care.   Defendant notes Plaintiff alleges in the First Amended

27   Complaint that after seeing Nurse Cawagas, but before seeing Dr. Serra, "a lot of

28   swelling went down"; Defendant argues Plaintiff's allegation is a tacit admission that

                                               4

1   Plaintiff was not harmed by Nurse Cawagas' treatment, or lack thereof. (ECF No. 4 at 1-
2   4.)

3        In his opposition, Plaintiff argues Nurse Cawagas "would not treat [him] even
4   though [he] explained to her about [his] rib, jaw, vision, throat, etc." and this evinces her
5   deliberate indifference to his serious medical needs.  (ECF No. 148 at 1.)

6        To constitute cruel and unusual punishment in violation of the Eighth Amendment,
7   prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes*
8   *v. Chapman*, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care
9   does not rise to the level of an Eighth Amendment violation unless (1) "the prison official
10  deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2)
11  "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*,
12  391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th
13  Cir. 2002) (citation omitted)).  Before it can be said that a prisoner's civil rights have
14  been abridged, "the indifference to his medical needs must be substantial.  Mere
15  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of
16  action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing
17  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  "[A] complaint that a physician has been
18  negligent in diagnosing or treating a medical condition does not state a valid claim of
19  medical mistreatment under the Eighth Amendment.  Medical malpractice does not
20  become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429
21  U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

22       Specifically, a prison official does not act in a deliberately indifferent manner
23  unless the official "knows of and disregards an excessive risk to inmate health or safety."
24  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Deliberate indifference may be
25  manifested "when prison officials deny, delay or intentionally interfere with medical
26  treatment," or in the manner "in which prison physicians provide medical care."
27  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds,*
28  *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

After examination of the facts alleged in Plaintiff's First Amended Complaint, the Court finds Plaintiff's allegations are insufficient to state an Eighth Amendment claim /// against Nurse Cawagas. All of Plaintiff's allegations regarding Nurse Cawagas are as follows:

> "RN Cawagas # 6557 just looked at me and went with what the Deputies told her to write on her report. I tried to explain what hurt, how bad it was but she didn't care, she said 'You'll see a doctor sometime.' It took 7 days to get into a doctor so a lot of the swelling went down, etc."

(ECF No. 117 at 12.)

These allegations fail to state facts sufficient to support a cause of action for deliberate indifference. To the extent Plaintiff disagrees with Nurse Cawagas' assessment of the severity of his condition, a prisoner's disagreement with diagnosis or treatment does not establish deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The fact that Plaintiff had to wait seven days before seeing a doctor after Nurse Cawagas dismissively stated: "You'll see a doctor sometime," also fails to support an Eighth Amendment violation. It is established that "[m]ere delay alone in medical treatment does not constitute deliberate indifference." *See Shapley v. Nevada Bd. Of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must allege facts showing the seven-day delay between seeing Nurse Cawagas and seeing Dr. Serra caused him serious harm, however, he has alleged no facts to demonstrate that further injury flowed from the delay. *See Farmer v. Brennan*, 511 U.S. 825, 838-842 (1970) (explaining a prison official acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff); *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990) (finding a delay in medical treatment may amount to deliberate indifference only if the delay was harmful). Plaintiff's deficiency is especially clear in light of Plaintiff's allegation that "a lot of the swelling went down, etc." by the time he was examined by Dr. Serra. *See Estelle*, 429 U.S. at 106 (requiring the indifference to medical need must be so substantial that malpractice and negligence do not meet the threshold). **IT IS THEREFORE**

12cv1938-GPC

1    **RECOMMENDED** that Defendant Cawagas' Motion to Dismiss Plaintiff's Eighth

2    Amendment claim for deliberate indifference be **GRANTED**.

3        A *pro se* litigant must be given leave to amend his complaint unless it is absolutely

4    clear the deficiencies of the complaint cannot be cured by amendment.  *Lucas v. Dep't of*

5    *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, "[u]nder Ninth Circuit case law,

6    district courts are only required to grant leave to amend if a complaint can possibly be

7    saved. Courts are not required to grant leave to amend if a complaint lacks merit

8    entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000).  Because Plaintiff has not

9    previously had the opportunity to amend his claim for deliberate indifference, and it is

10   not absolutely clear that Plaintiff cannot cure the deficiencies in his complaint, **IT IS**

11   **FURTHER RECOMMENDED** that Plaintiff be given leave to amend.

12        **2.  John Serra, M.D.**

13       Similarly, Defendant Serra argues Plaintiff has failed to state a claim for deliberate

14   indifference against him because Plaintiff states no facts demonstrating Dr. Serra's

15   treatment or failure to treat caused Plaintiff harm.  (ECF No. 146 at 8:2-7.)

16       In his opposition, Plaintiff argues Dr. Serra's deliberate indifference is

17   demonstrated by the fact that "[i]t was so obvious that the criminal judge that sentenced

18   Plaintiff made an order in court for SDCJ to take x-ray's of Plaintiff's rib area to which

19   no x-ray was taken."  (ECF No. 151 at 2:16-20.)

20       As explained above in the Court's analysis of the Eighth Amendment claim against

21   Nurse Cawagas, a prisoner's claim of inadequate medical care does not rise to the level of

22   an Eighth Amendment violation unless "the indifference to [Plaintiff's] medical needs

23   [are]  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

24   support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th

25   Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

26       After examination of the facts alleged in Plaintiff's First Amended Complaint, the

27   Court finds Plaintiff's allegations are insufficient to state an Eighth Amendment claim

28   against Dr. Serra.  All of Plaintiff's allegations regarding Dr. Serra are as follows:

12cv1938-GPC

"On 5-9-12, Doctor John Serra saw me at 11:09 a.m., I ask[ed] for an xray of my rib and head areas he wouldn't do it he said 'if you've had a broken bone/rib before then you know what it feels like and there's nothing he can do.' There was a court order requesting an x-ray for rib pain it was entered into my medical chart on 5-12-12 @ 20:53 and still nothing was done. Dr. Serra did nothing for my vision, my neck, throat, or the tinnitis my blood pressure was 141/96 a sign of pain and still nothing."

(ECF No. 117 at 12-13.)

These allegations fail to state facts sufficient to support a cause of action for deliberate indifference against Dr. Serra. At most, the allegations demonstrate Plaintiff's disagreement with Dr. Serra's diagnosis or treatment. However, a difference of opinion between Plaintiff and his doctor does not establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 242 (9th Cir. 2004)(explaining a difference of medical opinion is insufficient as a matter of law to demonstrate deliberate indifference.) Moreover, as for Plaintiff's allegation that his condition was so severe that a court order was issued requiring Plaintiff to undergo an x-ray, Plaintiff has failed to allege Dr. Serra was aware of this order. Plaintiff alleges he saw Dr. Serra on May, 9, 2012; however, he also alleges the court order requiring an x-ray was not entered into Plaintiff's medical chart until May 12, 2012. Plaintiff makes no further allegations that he was seen by Dr. Serra *after* May 12, 2012. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)("In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of harm exists, [] he must also draw that inference.'" Finally, Plaintiff does not allege harm resulted from Dr. Serra's decision not to x-ray. *See McGuckin v. Snith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMC Texas., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997 (*en banc*) (explaining that in order to show defendant's response to the need was deliberately indifferent, plaintiff must demonstrate: (1) a purposeful act or failure to respond, and (2) harm caused by the indifference.) There are no further allegations in Plaintiff's complaint to show the injury to his vision, neck, throat, or ears was aggravated

by Dr. Serra's decision not to order an x-ray.  To the contrary, Plaintiff's allegation that "a lot of the swelling went down" before he was able to see a doctor suggests Plaintiff's injuries began to heal over time.  *See e.g. Estelle*, 429 U.S. 97, 107-108, (1976) ("[a] medical decision not to order [a form of treatment] ... does not represent cruel and unusual punishment.")  **IT IS THEREFORE RECOMMENDED** that Defendant Serra's Motion to Dismiss Plaintiff's Eighth Amendment claim for deliberate indifference be **GRANTED.  IT IS FURTHER RECOMMENDED** that Plaintiff be given leave to amend his deliberate indifference claim against Defendant Serra.

**B.  Defendants Cawagas and Serra's Motions to Strike pursuant to FED.R.CIV.P. 12(f)**

Defendants Cawagas and Serra also seek to strike the deliberate indifference to medical needs claim which Plaintiff added to his First Amended Complaint, but was not brought in his original Complaint.  Defendants argue the Court's previous Order Adopting Report & Recommendation Regarding Plaintiff's Various Motions to Amend Complaint did not permit Plaintiff leave to add an additional claim and add defendants other than the later-identified deputies alleged to have used excessive force.  (ECF No.113.)

Under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED.R.CIV.P. 12(f).  Rule 12(f) motions are generally disfavored, and the remedy of striking a pleading is used to discourage parties from raising allegations completely unrelated to the relevant claims and when the interests of justice so require. *See Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir.1962); *see also Allen v. County of Monterey*, 2007 WL 1771521, *9 (N.D.Cal.2007) ("Rule 12(f) motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.").

Moreover, "[e]xceeding the scope of a court's leave to amend is not necessarily

sufficient grounds for striking a pleading or portions thereof." *See, e.g., Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D.Cal. 2004) (declining to strike complaint that had been amended without leave from the court); *U.S. v. $159.880.00 in U.S. Currency, More or Less*, 387 F.Supp.2d 1000, 1009 (S.D.Iowa 2005) (declining to strike amended answer that differed substantially from a proposed amended answer because defendants were not prejudiced). However, claims in an amended complaint may be stricken if they are "wholly specious" or cause prejudice to the defendants. *Sapiro*, 221 F.R.D. at 518; *$159.880.00 in U.S. Currency*, 387 F.Supp.2d at 1009.

Here, while Plaintiff's claims against Nurse Cawagas and Dr. Serra exceed the scope of the Court's leave to amend, Defendants do not articulate any prejudice that would result from the addition of these claims. In addition, the allegations added by Plaintiff are not irrelevant or immaterial because they stem from the beating Plaintiff contends he suffered at the hands of prison guards on May 2, 2012. Accordingly, the Court **RECOMMENDS** Defendants' motions to strike the deliberate indifference to medical needs claims be **DENIED**.

## V. CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1). Accordingly, it is **RECOMMENDED** that:

1. Defendant Cawagas' Motion to Dismiss be **GRANTED** [ECF No. 144];

2. Defendant Serra's Motion to Dismiss be **GRANTED** [ECF No. 146];

3. Defendant Cawagas' Motion to Strike be **DENIED** [ECF No. 143];

4. Defendant Serra's Motion to Strike be **DENIED** [ECF No. 146]; and

5. Plaintiff be given leave to amend his medical indifference claims against Defendants Cawagas and Serra.

**IT IS ORDERED** that no later than **April 18, 2014** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

12cv1938-GPC

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 2, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED:  March 27, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court