UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT MARK BROWN, II,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY #1, Deputy Sheriff; *et al.*,<br><br>Defendants. | Civil No. 12-cv-1938-GPC (BGS)<br><br>**ORDER DENYING:**<br><br>**(1) RECONSIDERATION OF ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY; and**<br><br>**(2) RECONSIDERATION OF ORDER ON DEFENDANT'S MOTION TO QUASH**<br><br>**[ECF Nos. 191, 193.]** |
|---|---|

## I. INTRODUCTION

This case comes before the Court on Plaintiff's motions for reconsideration of: (1) the Court's March 5, 2014 Order Granting In Part and Denying In Part Plaintiff's Motion to Compel [ECF No. 191]; and (2) the Court's March 4, 2014 Order Granting In Part and Denying In Part Defendant's Motion to Quash [ECF No. 193]. After careful consideration of Plaintiff's arguments, the motions for reconsideration are **DENIED** for failure to present newly discovered evidence or a change in controlling law that would support of reconsideration.

## II. STANDARD OF REVIEW

Generally, under the "law of the case" doctrine, a court is precluded from reconsidering an issue which has already been decided by the same court. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). However, motions for reconsideration may, under the discretion of the court, be heard in circumstances where there has been a change in the controlling law or facts. *Id.*, *Midgard Tempering, Inc. v. Seals Corp. of America*, 902 F.3d 703, 715 (9th Cir. 1990). In the absence of such a circumstance, a court lacks discretion to stray from the "law of the case" doctrine. *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.1993)). Motions for reconsideration are not to be used to simply "rehash" arguments and facts previously considered by the court in making its ruling. *See Costello v. U.S. Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Therefore, without "new or different facts," the "law of the case" doctrine will preclude reconsideration of a court's decision. *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)); *see also School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.* 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.")

## III. DISCUSSION AND ORDER THEREON

Plaintiff asks the Court to reconsider its ruling on Defendant's motion to quash Plaintiff's subpoena requests which found:

> (1) Plaintiff's subpoena Request No. 1 imposed an "undue burden". The Court explained: "Weighing the burden on Defendants against the needs of Plaintiff - who has already received use-of-force reports specific to his three incidents ... Plaintiff requests records for *all* use of force reports that *evidence, mention, or refer to any and all use* of force incidents at *all* San Diego County Jails within the last *10 years*. This request is overbroad on its face and exceeds the bounds of discovery designed to lead to relevant evidence by seeking: (1) information over a ten-year period despite the fact that Plaintiff's incident took place in 2012; (2) information regarding *all* use of force of reports, not just those pertaining to the defendants named in this case; and (3) information regarding use of force incidents at *all* San Diego County Jails, not just use-of-force incidents occurring at the jail where Plaintiff is housed."
>
> (2)     Plaintiff's subpoena Request No. 5 was duplicative and irrelevant. The Court

stated: "Plaintiff's entire medical file has been produced .... the court cannot require Defendants to produce additional documents that do not exist. *Manning*, 247 F.R.D. at 652. Nevertheless, the parties should be aware that they are all are under a continuing obligation to supplement responses if additional, relevant information is discovered. Fed.R.Civ.P. 26(e). As for the part of Plaintiff's Subpoena Request No. 5 that seeks documents concerning all the felonies of which Plaintiff has ever been convicted .... all documents concerning the three incidents at issue in this action have already been produced.... Plaintiff has not shown how a listing of his past criminal history is relevant or likely to lead to the discovery of admissible evidence concerning the events of April 21, 2012 and April 23, 2012 and May 2, 2012."

[ECF No. 176.]

Plaintiff also moves the Court to reconsider its ruling on his motion to compel which held:

> (1) Defendants' production of use-of-force policies and rules was responsive to RFP No. 1 of Plaintiff's First Set of Requests for Production seeking policies on staff supervision of inmates. The Court noted Defendants produced: the "Manual of Policies and Procedures No. I-89 (Use of Force); 0.3 (Inmate Rules and Regulations); San Diego County Sheriff's Department Procedure Section 2.49 and 6.48; Addendum Section F (Use of Force Guidelines); SDSD Detention Services Bureau - George Bailey Detention Facility Green Sheet I.89.G (Use of Force) and 0.3.G (Facility Specific Inmate Rules and Regulations)." The Court's ruling further advised the parties that each is under a continuing obligation to supplement responses to requests for production of documents if either discovers or obtains additional, relevant information.
>
> (2) Plaintiff's RFP No. 3 of Plaintiff's First Set of Requests for Production, which sought all of Plaintiff's detention center file, was unduly overbroad because documents for all periods of Plaintiff's various incarcerations were not calculated to lead to the discovery of admissible evidence as to the three incidents at issue in the present case which occurred in 2012. Moreover, Defendants had produced booking records for Plaintiff's November 3, 2011 arrest, prison grievances from November 2011 to the present, incident reports for all three events that are the subject of Plaintiff's complaint, photographs of Plaintiff from May 2, 2012 and all of Plaintiff's medical records that could be located.
>
> (3) Plaintiff's RFP Nos. 1, 2,3 4, 5, and 6 of Plaintiff's Second Set of Requests for Production, which sought all documents referring to racial prejudice, dishonesty, fabrication, morally lax character, unnecessary acts of aggressive behavior, acts of violence, discriminatory actions against homosexuals, any acts of excessive force for all deputy sheriffs at George Bailey Detention Facility within the last 10 years, were unduly overbroad because of their unlimited scope and time-period.

[ECF No. 177.]

Plaintiff does not base his request for reconsideration on facts newly discovered or new law as is required, but instead attempts to re-argue or clarify points made in his original motion to compel and opposition to Defendants' motion to quash. A motion for

reconsideration, however, is not the proper vehicle for reiterating arguments that have already been raised or for presenting positions that could have been raised at the time the motions at issue were brought. *See School Dist. No. 1J Multnomah County v. AcandS, Inc.*, F. 3d 1255, 1263 (9th Cir. 1993); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (explaining that "a motion for reconsideration should not be granted, absent highly unusual circumstances"; [it is an] "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.")  Plaintiff's motions for reconsideration fail to identify any newly discovered facts, changes in controlling law or manifest injustice.[1][2]  Therefore, both motions are **DENIED.**

    **IT IS SO ORDERED.**

DATED: October 3, 2014

                                      Hon. Bernard G. Skomal
                                      U.S. Magistrate Judge
                                      United States District Court

---

[1] On March 4, 2014, the Court ordered Defendants to provide a copy of the video for the April 23, 2012 incident and the May 2, 2012 incident to Plaintiff. [ECF No. 176.]

[2] After an extensive *in camera* review of performance evaluation reports and excessive force-related Internal Affairs files for Defendants Villareal, Henton, Weber, Pierson and Garcia, the Court ordered Defendants on May 5, 2014, to produce Performance Report Nos. p00001-p00003; p00020-p00065; p00066-p00076; p00077-152; p00153-211; and Internal Affairs File Nos. p000216-p000223. [ECF No. 203.]